RELIANCE INSURANCE COMPANY v. THOMAS MORRISON AND COYOTE TRUCK LINES, INC.

No. 8123SC1402

(Filed 16 November 1982)

Indemnity § 1; Insurance § 112— insurance company not benefited by lease agreement with indemnity clause

    In an action in which a negligent driver was driving a tractor-trailer leased to his employer (Metler) by defendant (Coyote), Metler was insured by plaintiff, and Coyote agreed under the lease agreement "to reimburse and otherwise indemnify [Metler] for any and all losses sustained by [Metler] resulting from the use of the [tractor-trailer]," plaintiff was not subrogated to Metler's contractual right of indemnity when it paid a claim under its insurance contract, and a contract of indemnity could not be implied in law between plaintiff and Coyote.

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 3 September 1981 in Superior Court, WILKES County. Heard in the Court of Appeals 13 October 1982.

On 27 January 1978, defendant Morrison negligently collided with a car driven by Henry Derrick Ogburn. Morrison was driving a tractor-trailer leased to his employer A. J. Metler Hauling & Rigging, Inc. by the defendant Coyote. Under the lease agreement, Coyote agreed "to reimburse and otherwise indemnify [Metler] for any and all losses sustained by [Metler] resulting from the use of the [tractor-trailer]."

Pursuant to an insurance policy in effect on the date of the accident that it had previously issued to Metler, plaintiff paid Ogburn and his insurer Lumberman's Mutual Casualty Company $10,723.90 for his injuries. Ogburn then executed a release discharging plaintiff, Metler, Coyote and Morrison from any further liability.

Plaintiff brought this suit to recover what it paid to Ogburn and his insurer. Defendants' motion for summary judgment was granted. Plaintiff appealed.

*Van Winkle, Buck, Wall, Starnes & Davis, by Philip J. Smith, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughn, for defendant appellees.*

ARNOLD, Judge.

Plaintiff makes two contentions on appeal. First, it seeks to be subrogated to Metler's contractual right of indemnity as a result of the lease between Metler and Coyote. Second, it argues that there was a genuine issue of material fact so as to avoid summary judgment since a contract of indemnity could be implied in law between it and Coyote.

In North Carolina, the general rule is that when an insured claims benefits under a policy, the burden is on him to prove coverage. But the burden of showing an exclusion or exception is on the insurer. *Brevard v. State Farm Ins. Co.*, 262 N.C. 458, 137 S.E. 2d 837 (1964). A showing by an insured that he is covered establishes a prima facie case that shifts the burden to the in-

surer. *Kirk v. Nationwide Mutual Ins. Co.*, 254 N.C. 651, 119 S.E. 2d 645 (1961).

In this case, plaintiff admits that the defendants are covered under the policy and that it made payment to Ogburn and his insurer on behalf of the defendants. But plaintiff claims a right to indemnity based on the agreement between Coyote and Metler. We disagree.

First, there is nothing in the policy or the lease agreement that purports to provide plaintiff with the right to indemnification claimed here. Second, any limitations upon the insurer's liability are to be strictly construed so as to provide the coverage that would be afforded absent the claimed limitation. *Wachovia Bank v. Westchester Fire Ins. Co.*, 276 N.C. 348, 355, 172 S.E. 2d 518, 522-23 (1970). Third, exclusions and exceptions to these policies are not favored by the courts. *Allstate Ins. Co. v. Shelby Mutual Ins. Co.*, 269 N.C. 341, 346, 152 S.E. 2d 436, 440 (1966). Finally, plaintiff did not allege in its complaint that the lease agreement in any way affected the extent of its liability. We cannot write in allegations that are not there under the guise of the rule of liberal construction. *Brevard*, 262 N.C. at 461, 137 S.E. 2d at 840. As a result, no issue of fact necessary to withstand summary judgment is present.

We note plaintiff's citation of *Nationwide Mutual Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E. 2d 597 (1977), as authority in support of its position. But that case can be distinguished on its facts. In *Chantos*, the insurer paid an accident victim on behalf of the friend of the son of the insured who was driving the covered vehicle with permission of the son. The court concluded that the insurer had a right of reimbursement because of the operation of the provisions of the Motor Vehicle Safety and Financial Responsibility Act, G.S. 20-279.1-.39, which is a part of every automobile insurance policy in North Carolina.

The case *sub judice* is different from *Chantos* because in this case, the plaintiff voluntarily included the defendants within the policy coverage. It could have only covered Metler under the policy but it chose to extend the coverage and thus, must bear the consequences.

Thus, we find that there is no genuine issue as to any material fact as G.S. 1A-1, Rule 56(c) requires for entry of sum-

mary judgment, and affirm the trial court's grant of defendant's motion.

Affirmed.

Judges HEDRICK and WHICHARD concur.