BARCLAYSAMERICAN/LEASING, INC., PLAINTIFF v. NORTH CAROLINA IN-SURANCE GUARANTY ASSOCIATION, DEFENDANT

No. 8926SC1133

(Filed 3 July 1990)

**Bankruptcy and Insolvency § 4 (NCI3d); Landlord and Tenant § 5 (NCI3d) — automobile rentals — residual value insurance policy — insolvent insurer — petition to lift automatic bankruptcy stay — lease terminated**

Summary judgment should not have been granted for plaintiff and should have been granted for defendant in an action in which plaintiff sought to recover from defendant sums owed

BARCLAYSAMERICAN/LEASING, INC. v. N.C. INS. GUARANTY ASSN.

[99 N.C. App. 290 (1990)]

plaintiff by its insolvent insurer pursuant to a residual value insurance policy on leased automobiles. Although N.C.G.S. § 58-155.48(a)(1) requires defendant to assume an insolvent insurer's obligations to the extent of covered claims, the orders of the bankruptcy court affording the plaintiff relief from the automatic stay in this case effected a termination of the lease in that the orders made clear that all of the vehicles which were the subject matter of the lease were to be returned, plaintiff was required to dispose of all of those vehicles and apply the proceeds to the indebtedness, and the lessee was to retain no rights whatsoever in any of the vehicles. The effect of the relief was thus to extinguish the lease and, by the express terms of the residual value policy, plaintiff's claim pertaining to such vehicles is not covered and defendant is not required to assume the insolvent insurer's obligation.

**Am Jur 2d, Insurance §§ 88 et seq.**

Judge DUNCAN concurring.

APPEAL by defendant from order and judgment entered 14 June 1989 in MECKLENBURG County Superior Court by *Judge Frank W. Snepp*. Heard in the Court of Appeals 1 May 1990.

This is an action brought under Chapter 58 of the North Carolina General Statutes in which plaintiff, a North Carolina corporation, seeks to recover of defendant North Carolina Insurance Guaranty Association sums owed plaintiff by its insolvent insurer pursuant to claims filed under a residual value insurance policy.

On 28 February 1983, plaintiff purchased from Integrity Insurance Company ("Integrity"), a New Jersey corporation, a "Leased Vehicle Residual Value Protection Insurance Policy," indemnifying plaintiff against residual value losses on enrolled leased vehicles. On 15 December 1983, plaintiff entered into a lease agreement with Adjusters Auto Rental, Inc. ("Adjusters"), an Ohio corporation. By supplement to that agreement, plaintiff agreed to lease to Adjusters 300 1984 Mercury Topaz automobiles. The stated term of the lease for these vehicles was 36 months, commencing 10 January 1984. Plaintiff enrolled these leased vehicles for protection under the above policy.

On 18 April 1986, Adjusters filed in the United States Bankruptcy Court for the Northern District of Ohio a voluntary petition

for reorganization under Title 11, Chapter 11 of the United States Code. Plaintiff thereafter moved that the automatic stay imposed pursuant to 11 U.S.C. § 362 be lifted. Pursuant to Adjusters' stated intent to cease its operations on 15 August 1986, the bankruptcy court, by order entered 15 August 1986, modified the automatic stay, ordering

> 1. . . . BarclaysAmerican/Leasing, Inc. (a) to take possession of any of [Adjusters'] vehicles in which [Barclays] has a security interest or a lessor's interest, (b) to dispose of all such vehicles, and (c) to apply the net proceeds derived from such disposition to the indebtedness owed[.]

> 2. [Adjusters] waives its right to receive notice regarding the disposition of its vehicles by [Barclays].

By "Stipulated Order" entered 29 August 1986, the bankruptcy court ordered Adjusters to "continue to use its best efforts to promptly deliver possession of all of the remaining automobiles to Barclays[.]" This order also contained a finding that plaintiff alleged Adjusters to be in default under the lease.

On 29 December 1986, plaintiff made a claim with Integrity pursuant to the leased vehicle residual value policy for 294 of the 300 automobiles that were the subject matter of plaintiff's lease with Adjusters. The next day the Commissioner of Insurance of the state of New Jersey filed a "Complaint for Rehabilitation of Domestic Insurer" against Integrity and that same day obtained an order granting to the Commissioner exclusive possession of the business of Integrity and staying payment of claims. By order of 24 March 1987, the Superior Court of New Jersey, Chancery Division — Bergen County, determined Integrity to be insolvent.

On 7 December 1987, plaintiff brought the present action against defendant, seeking recovery of $300,000.00 plus interest for sums allegedly owed it by insolvent Integrity. Thereafter, plaintiff amended its complaint to add a second claim for relief in the amount of $323,610.00, based on allegations that, prior to its insolvency, Integrity maintained deposits of securities with the North Carolina Commissioner of Insurance, that such securities or proceeds thereof were delivered to defendant, and that plaintiff had and was entitled to enforce a lien therein pursuant to G.S. § 58-185.

On 17 January 1989, plaintiff moved for summary judgment on both claims. By order of 14 June 1989, the trial court allowed

BARCLAYSAMERICAN/LEASING, INC. v. N.C. INS. GUARANTY ASSN.

[99 N.C. App. 290 (1990)]

plaintiff's motion with respect to its first claim for relief, but dismissed plaintiff's second claim for relief.

Defendant appeals.

Plaintiff cross-assigns error.

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge, Jr., for plaintiff-appellee.*

*Moore & Van Allen, by Joseph W. Eason and Christopher J. Blake, for defendant-appellant.*

WELLS, Judge.

Defendant advances two arguments challenging the trial court's entry of summary judgment for plaintiff on its first claim for relief. First, defendant contends that plaintiff's claim was not within the coverage of the residual value policy issued by Integrity. Second, defendant contends that the North Carolina Insurance Guaranty Association Act does not apply to the residual value policy in that such policy is "credit insurance," expressly excluded from coverage under the Act. We find it unnecessary to reach this second question. For assuming *arguendo* that the residual value policy is within the Act, we conclude that plaintiff's claim is not within the coverage of that policy.

The provisions of the North Carolina Insurance Guaranty Association Act applicable to this case are set forth at Chapter 58, Article 17B of the North Carolina General Statutes.[1] In cases where an insurer is insolvent, G.S. § 58-155.48(a)(1) requires the Association to assume the insurer's obligations "to the extent of the covered claims existing prior to the determination of insolvency and arising within 30 days after the determination of insolvency[.]" The Act defines a covered claim, in pertinent part, as

an unpaid claim . . . which is in excess of fifty dollars ($50.00) and arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Article applies[.]

N.C. Gen. Stat. § 58-155.45(4).

---

1. We note that effective 5 June 1989, the North Carolina Insurance Guaranty Association Act was amended and recodified at N.C. Gen. Stat. § 58-48-1, *et seq.* These amendments are not applicable to this case.

The leased vehicle residual value policy issued to plaintiff by Integrity provides in pertinent part:

### VII. EXCLUSIONS

This policy does not apply to:

. . .

(b) Any *Enrolled Vehicle* for which the relevant lease is terminated prior to the Scheduled Lease Termination Date, whether by default of the Lessee, prepayment or otherwise. (Emphasis added.)

The scheduled termination date of the lease for the enrolled vehicles in this case, as set forth in the supplement to the lease agreement between plaintiff and Adjusters, is "36 months from Rental Commencement Date. RENTAL COMMENCEMENT DATE: January 10, 1984." Consequently, the dispositive question is whether the lease between plaintiff and Adjusters terminated prior to 10 January 1987. If so, then plaintiff's claim is not within the coverage of the residual value policy, and defendant is therefore not required to assume this obligation of Integrity.

Defendant argues that the orders of the bankruptcy court, affording plaintiff relief from the automatic stay, effected a termination of the lease between plaintiff and Adjusters prior to the scheduled termination date. We agree.

In addressing this issue, we note that we are not required to construe whether the granting of relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 operates generally to terminate contract rights on an executory contract under federal bankruptcy law. We are concerned here only with the narrow question, arising under North Carolina insurance law, of whether the relief granted plaintiff by the bankruptcy court in the Ohio action effected a termination of the lease between plaintiff and Adjusters within the meaning of the exclusionary clause of the residual value policy issued by Integrity. We hold that it did.

The settled law of this State places the burden of showing an exclusion on the insurer. *Reliance Ins. Co. v. Morrison*, 59 N.C. App. 524, 297 S.E.2d 187 (1982) (and cases cited therein). Exclusions from coverage are not favored and should be strictly construed to effect coverage under the policy. *Id.; see also W & J Rives, Inc. v. Kemper Ins. Co.*, 92 N.C. App. 313, 374 S.E.2d 430 (1988),

*disc. rev. denied*, 324 N.C. 342, 378 S.E.2d 809 (1989) (*citing Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 314 S.E.2d 775 (1984) ).

The orders entered by the bankruptcy court make clear that Adjusters, pursuant to plaintiff's allegations of default, were required to return *all* of the vehicles that were the subject matter of its lease with plaintiff, which necessarily included the 300 cars enrolled under the residual value policy issued by Integrity. Moreover, plaintiff was required to dispose of all of these vehicles and apply the proceeds of such disposition to the indebtedness of Adjusters. Finally, the orders make equally clear that Adjusters retained no rights whatsoever in any of the vehicles.

The undeniable effect of the relief afforded to plaintiff in the bankruptcy court was thus to extinguish the lease between plaintiff and Adjusters with respect to the 300 cars that were enrolled under the residual value policy. This occurred in August 1986, well before the scheduled termination date of 10 January 1987. We cannot rewrite the order of the bankruptcy court under the guise of the rule of strict construction. *See Reliance Ins. Co., supra.* Consequently, by the express terms of the residual value policy issued by Integrity, plaintiff's claim pertaining to such vehicles is not covered. Because plaintiff's claim is not covered by the policy, defendant, as a matter of law, is not required under the Act to assume Integrity's obligation.

Summary judgment is appropriate only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P., Rule 56. Summary judgment for the nonmovant may be entered where this standard is satisfied. *A-S-P Assocs. v. City of Raleigh*, 298 N.C. 207, 258 S.E.2d 444 (1979) (and cases cited therein). Because there is no genuine issue of material fact and defendant, rather than plaintiff, is entitled to summary judgment as a matter of law, the trial court erred in entering summary judgment for plaintiff on its first claim for relief. We therefore reverse the order of summary judgment for plaintiff on its first claim for relief and remand this case for entry of summary judgment on this claim for defendant.

Finally, plaintiff has attempted to bring forward two cross-assignments of error challenging the trial court's dismissal of its second claim for relief asserting a lien under former G.S. § 58-185

in assets of Integrity held by defendant pursuant to former G.S. § 58-155.60. Because this claim is predicated on the existence of defendant's liability as insurer of Integrity's obligations under G.S. § 58-155.48, our disposition of defendant's appeal has rendered plaintiff's cross-assignments of error moot, and we therefore do not consider them.

Reversed and remanded.

Judge PARKER concurs.

Judge DUNCAN concurs and files a separate concurring opinion.

Judge DUNCAN concurring.

I agree that the orders entered by the bankruptcy judge effected a termination of the lease agreement between Barclays and Adjusters. I write separately to underline the fact-specific ground for our holding today, and to emphasize that we have not said that a petition to lift an automatic stay constitutes, as a matter of law, an election by the lessor to terminate a lease agreement. Ordering that Adjusters return the automobile to Barclays left nothing executory between these two parties, and thus I agree that, in this case, the lifting of the stay brought the lease to an end.