MARY NICOLE BOONE VOGLER, Widow, MARILYN "SUE ANN" CLYMER, Guardian Ad Litem for KRISTIN DAKOTA VOGLER, Minor Child, and MARK BOONE, Guardian Ad Litem for MEGAN NICOLE BOONE, Minor Stepchild, of BILLY CHARLES VOGLER, Deceased Employee, Plaintiffs v. BRANCH ERECTIONS COMPANY, INC., Employer, THE GOFF GROUP, Carrier (NOW DISMISSED), N.C. GUARANTY ASSOCIATION (NOW ADDED), Statutory Insurer, Defendants

No. COA03-1032

(Filed 7 September 2004)

**Workers' Compensation— amended opinion—ten percent increase—insolvent insurer—guaranty association**

The Industrial Commission erred in its amended opinion and award by determining that a ten percent increase in compensation assessed against an employer under N.C.G.S. § 97-12 due to the employer's willful violations of OSHA safety standards was a "covered claim" for which the N.C. Guaranty Association was liable after the employer's insurer became insolvent without considering the provisions of the insurance policy between the employer and its insolvent insurer because (1) the Guaranty Act

and the cases interpreting it require that the Commission determine whether an employee's claim is covered under an insurance policy before holding defendant Guaranty Association liable for an insolvent insurance company's nonpayment of a claim; (2) the Commission abused its discretion by declining to receive the policy as evidence and by failing to take into account the terms of the policy while reconsidering the case when the Association's recent entry into the case, coupled with its argument that it was statutorily prevented from the obligation claimed by plaintiffs, is good grounds for the Commission to reconsider the evidence and receive further evidence in the case; and (3) the Commission's determination was not supported by sufficient findings of fact when it concluded the additional compensation was part of a covered claim.

Appeal by defendants from opinion and award entered 28 April 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 May 2004.

*J. Randolph Ward, for defendant-appellee Branch Erections Company, Inc.*

*Nelson Mullins Riley & Scarborough, L.L.P., by Christopher J. Blake and Joseph W. Eason, for defendant-appellant N.C. Guaranty Association.*

TIMMONS-GOODSON, Judge.

Defendant North Carolina Guaranty Association ("the Association") appeals the amended opinion and award of the North Carolina Industrial Commission ("the Commission") awarding plaintiffs a ten percent increase in worker's compensation. For the reasons stated herein, we reverse the Commission's amended opinion and award and remand the case for further proceedings.

The facts and procedural history pertinent to the instant appeal are as follows: On 23 March 2000, Billy Charles Vogler ("decedent") was an employee of Branch Erections Company, Inc. ("Branch"). Decedent was working on a communications tower when a nearby crane broke from its platform and fell, striking decedent and causing him to fall twenty feet to the ground. As a result of his injuries, decedent was killed. Decedent is survived by his wife, Mary Nicole Boone Vogler, his daughter, Kristin Dakota Vogler, and his stepdaughter, Megan Nicole Boone (collectively, "plaintiffs").

Shortly after decedent's injury, the Occupational Safety and Health Administration ("OSHA") investigated the accident. The OSHA investigator determined that Branch had failed to inspect the crane turret bolts for two years prior to the accident, although OSHA regulations require daily inspection of the crane's turret bolts when the crane is in use. The OSHA investigator further determined that Branch's failure to inspect the crane and other equipment resulted in worn, cracked, and rusty crane turret bolts on the crane, which caused the crane to snap and fall on top of decedent. The OSHA investigator ultimately cited Branch for twenty violations of OSHA regulations, all of which were characterized as "serious."

Subsequent to decedent's death, plaintiffs filed a worker's compensation claim against Branch and its insurer, Reliance Insurance Company ("Reliance"). On 14 December 2001, North Carolina Industrial Commission Deputy Commissioner George T. Glenn ("Deputy Commissioner Glenn") issued an opinion and award entitling plaintiffs to weekly benefits, expenses for decedent's burial, medical expenses incurred by decedent as a result of the accident, and attorneys' fees. In addition to this award, Deputy Commissioner Glenn concluded as a matter of law that "[p]laintiffs are entitled to a 10% penalty due to [Branch's] willful violations of OSHA safety standards," and ordered that "[Branch and Reliance] shall pay a ten percent (10%) penalty of the total amount due plaintiffs." Branch appealed the award to the Commission. On 17 July 2002, the Commission issued an opinion and award affirming Deputy Commissioner Glenn's decision.

On 3 October 2001, Reliance was declared insolvent. Thus, pursuant to the Insurance Guaranty Association Act ("Guaranty Act"), N.C. Gen. Stat. § 58-48-1 (2003) *et. seq*, the Association assumed Reliance's obligations to the case.

On 13 August 2002, the Association filed a Motion For Joinder As Party; And To Reconsider And To Alter And Amend Judgment. The Association asserted that it was not responsible for payment of the ten percent "penalty" for Branch's willful violation of OSHA safety rules because the "penalty" was not covered by the Guaranty Act and because plaintiffs' claim was not covered by the policy between Branch and Reliance. On 20 September 2002, Branch filed a response to the Association's motion for reconsideration, asserting that the Association is obligated to pay the ten percent "penalty" under the Worker's Compensation Act and that the Guaranty Act does not excuse the Association from liability. The Association filed a reply asserting that it is not the legal successor of Reliance, and reiterating

its assertion that the ten percent "penalty" is not covered by the Guaranty Act or by Branch's insurance policy with Reliance.

On 28 April 2003, the Commission issued an amended opinion and award. The Commission's amended opinion and award contained the following pertinent conclusions of law:

9. [The Association] denies any obligation to pay the additional compensation awarded pursuant to N.C. Gen. Stat. § 97-12 based upon two arguments. First, [the Association] asserts that the additional compensation is not within the coverage of the insurance policy issued by Reliance because the policy specifically requires [Branch] to be responsible for any payment in excess of the benefits regularly provided by the Worker's Compensation Act, including those imposed due to the employer's failure to comply with a health or safety law or regulation. This first issue is a coverage question not properly before the Commission for determination at this time. The record before us contains no evidence concerning the contractual provisions of the insurance policy on which to base findings of fact and conclusions of law. Although portions of the policy were attached to the briefs of the parties, no evidence on the coverage issue is properly before the Commission because no evidence was presented at the Deputy Commissioner hearing. Therefore, the coverage question is reserved for further hearing and subsequent determination in the event the parties are unable to resolve this issue.

10. Secondly, [the Association] argues that the award of additional compensation under N.C. Gen. Stat. § 97-12 constitutes a "penalty" and that the Guaranty Act specifically excludes amounts awarded as punitive or exemplary damages. *See,* N.C. Gen. Stat. § 58-48-20(4). However, the clear language of N.C. Gen. Stat. § 97-12 provides that "*compensation* shall be increased ten percent (10%)" (emphasis added). The North Carolina Court of Appeals has stated that " '[I]f the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms.' " *Morris Communications Corp. v. City of Asheville,* 145 N.C. App. 597, 605, 551 S.E.2d 508, 514 (2001), *citing Hyler v. GTE Prods. Co.,* 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993). Thus, based upon a clear reading of the statute, the ten per-

**VOGLER v. BRANCH ERECTIONS CO.**

[166 N.C. App. 169 (2004)]

cent additional compensation awarded pursuant to N.C. Gen. Stat. § 97-12 is compensation or punitive damages. Therefore, the additional compensation is part of a covered claim and must be paid by [the Association].

It is from this amended opinion and award that the Association appeals.

---

The issues presented on appeal are: (I) whether the Commission erred by failing to consider Branch's insurance policy with Reliance; and (II) whether the Commission erred by concluding that the increase in compensation pursuant to N.C. Gen. Stat. § 97-12 was not a "penalty." Because we conclude the Commission erred by failing to consider Branch's insurance policy with Reliance in making its determination, we reverse the Commission's opinion and award and remand the case for further proceedings.

On appeal of a decision by the Commission, this Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission "is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead, the Commission must find those facts which are necessary to support its conclusions of law." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 602, 532 S.E.2d 207, 213 (2000). However, the Commission must also "make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends." *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977). Thus, "[a]lthough the Industrial Commission is the sole judge of the credibility and the evidentiary weight to be given to witness testimony, the Commission's conclusions of law are fully reviewable." *Holley v. ACTS, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003) (citations omitted). "When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard." *Ballenger v. ITT Grinnell Industrial Piping*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987).

Where an insurer has become insolvent, the Guaranty Act requires that the Association:

(1) Be obligated to the extent of the *covered claims* existing prior to the determination of insolvency and arising within 30 days after the determination of insolvency, or before the policy expiration date[.] . . . *In no event shall the Association be obligated to a policyholder or claimant in an amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises.*

[and]

(2) Be deemed the insurer to the extent of the Association's obligation on the *covered claims* and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.

N.C. Gen. Stat. § 58-48-35(a)(1) and (2) (2003) (emphasis added).

The Guaranty Act defines a "covered claim" in pertinent part as follows:

"Covered claim" means an unpaid claim, including one of unearned premiums, which is in excess of fifty dollars ($50.00) and *arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy* . . . . "Covered claim" shall not include any amount awarded . . . as punitive or exemplary damages[.]

N.C. Gen. Stat. § 58-48-20(4) (2003) (emphasis added).

In accordance with the Guaranty Act, this Court has previously limited the Association's obligations to those benefits the employee would have recovered as a beneficiary of his employer's insurance policy. In *Greensboro v. Reserve Ins. Co.*, 70 N.C. App. 651, 321 S.E.2d 232 (1984), we held that the Association was not liable for prejudgment interest owed to the plaintiffs. We recognized that "it is the identity of the Association as a statutory creation that relieves it from liability for prejudgment interest." *Id.* at 664, 321 S.E.2d at 240. Thus, we concluded that, "[a]s the Superior Court of Pennsylvania reasoned in a 1980 case, interpreting statutes similar to North Carolina's, a guaranty association is not the legal successor of the insolvent insurer; rather, it is obligated to pay claims only to the extent of covered claims, which shall not include any amount in excess of the obligation of the insolvent insurer under the policy from which the claim arises." *Id.* (citing *Sands v. Pa. Ins. Guaranty Ass'n.*, 423 A. 2d 1224, 1229 (1980)). Similarly, in *BarclaysAmerican/Leasing, Inc. v. N.C. Ins. Guaranty Ass'n*, 99 N.C. App. 290, 392 S.E.2d 772 (1990), *disc.*

*review denied*, 328 N.C. 328, 402 S.E.2d 829 (1991), we recognized that the plaintiff's claim was excluded by the underlying insurance policy, and thus neither the insolent insurer nor the Association was liable for the plaintiff's claim. Accordingly, we reversed the trial court's decision granting summary judgment in favor of the plaintiff, and we remanded the case for entry of summary judgment in favor of the Association, whom we noted was not required to assume the obligation of uncovered claims. *Id.* at 294, 392 S.E.2d at 774.

In the instant case, the Association argued in its motion for reconsideration that the ten percent increase in compensation awarded by Deputy Commissioner Glenn was "not within the coverage of the insurance policy issued by Reliance[.]" The insurance policy between Branch and Reliance ("the policy") reads in pertinent part:

PART ONE—WORKERS' COMPENSATION INSURANCE

. . . .

F. Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers' compensation law including those required because:

    1. of your serious and willful misconduct;

    . . . .

    3. you fail to comply with a health or safety law or regulation[.]

PART TWO—EMPLOYER'S LIABILITY INSURANCE

. . . .

C. Exclusions

This insurance does not cover:

    . . . .

    4. any obligation imposed by a workers' compensation, occupational disease, unemployment compensation or disability benefits law or any similar law;

    . . . .

    11. fines or penalties imposed for violation of federal or state law[.]

The Association provided the Commission with a copy of the policy and argued in support of the terms of the policy when the case was reconsidered. As detailed above, in the amended opinion and award, the Commission concluded that the issue of whether plaintiff's claim was a "covered claim" under the policy was not "properly before the Commission for determination" because "the record . . . contains no evidence concerning the contractual provisions of the insurance policy on which to base findings of fact and conclusions of law . . . because no evidence was presented at the Deputy Commissioner hearing." However, in its next conclusion of law the Commission nevertheless determined that "the additional compensation is part of a covered claim and must be paid by the Association." We conclude that the Commission erred.

The Commission chose not to determine the issue in the instant case because Deputy Commissioner Glenn had not determined the issue or received evidence pertaining to it. However, the Commission cited no authority for its conclusion that, because the Deputy Commissioner had not considered an issue, it could not in turn consider the issue. We note that the Worker's Compensation Act provides that on appeal of a Deputy Commissioner's opinion and award, the Commission "shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]" N.C. Gen. Stat. § 97-85 (2003). "Whether good ground is shown is within the sound discretion of the Commission, and the Commission's determination in that regard will not be reviewed on appeal absent abuse of discretion." *Thompson v. Burlington Industries*, 59 N.C. App. 539, 543, 297 S.E.2d 122, 125 (1982), *cert. denied*, 307 N.C. 582, 299 S.E.2d 650 (1983).

As detailed above, the Guaranty Act and the cases interpreting it require that the Commission determine whether an employee's claim is covered under an insurance policy before holding the Association liable for an insolvent insurance company's nonpayment of a claim. However, in the instant case, the Commission refused to consider the policy proffered by the Association, despite allowing the Association to join the case as a party, thereby granting the Association the right to assert its own defenses. We conclude that the Association's recent entry into the case, coupled with the Association's argument that it was statutorily prevented from the obligation claimed by plaintiffs, is "good ground" for the Commission to reconsider the evidence and receive further evidence in the case, in the form of the policy between

Branch and Reliance. Thus, we also conclude the Commission abused its discretion by declining to receive the policy as evidence and by failing to take into account the terms of the policy while reconsidering the case.

Furthermore, as discussed above, in any opinion and award, the Commission must make those "specific findings with respect to [the] crucial facts" necessary to determine whether an employee is entitled to compensation. *Gaines*, 33 N.C. App. at 579, 235 S.E.2d at 859. Accordingly, the Commission's conclusions must be supported by sufficient findings of fact. *Peagler*, 138 N.C. App. at 602, 532 S.E.2d at 213. In the instant case, the Commission concluded that the additional compensation was part of a "covered claim," despite failing to make any findings of fact regarding the policy and despite previously concluding that the issue of whether the additional compensation was part of a "covered claim" was not properly before the Commission. Therefore, we further conclude that the Commission's determination is not supported by sufficient findings of fact.

In light of our conclusions, we hold that the Commission erred in its amended opinion and award, and, accordingly, we reverse the amended opinion and award and remand the case for further proceedings. On remand, the Commission shall receive and consider the evidence it deems necessary for a proper determination of plaintiffs' claims consistent with this opinion, including the insurance policy between Branch and Reliance.

Reversed and remanded.

Judges McGEE and TYSON concur.