GAROLD E. BALLENGER, JR., DEPENDENT CHILD OF GAROLD E. BALLENGER, DECEASED, THROUGH HIS GUARDIAN AD LITEM, BRYAN K. HUSFELT, EMPLOYEE, PLAINTIFF v. ITT GRINNELL INDUSTRIAL PIPING, INC., EMPLOYER, AND INSURANCE COMPANY OF NORTH AMERICA, CARRIER, DEFENDANTS

No. 736PA86

(Filed 7 July 1987)

Master and Servant § 97.1— workers' compensation—weighing of evidence—improper standard—remand for findings under correct standard

　　　Where the Industrial Commission applied the incorrect "some evidence" standard rather than the correct preponderance of the evidence standard in a

workers' compensation case, the Court of Appeals erred in remanding the case to the Commission for clarification of its opinion rather than for new findings of fact and conclusions of law applying the correct legal standard.

ON discretionary review of a unanimous decision of the Court of Appeals, 83 N.C. App. 55, 348 S.E. 2d 814 (1986), remanding the case to the Industrial Commission for a reconsideration of an opinion and award of compensation to plaintiff. Heard in the Supreme Court 12 May 1987.

*Pfefferkorn, Pishko & Elliot, P.A., by Robert M. Elliot, for plaintiff-appellee.*

*Petree Stockton & Robinson, by Robert J. Lawing and Jane C. Jackson, for defendant-appellants.*

MEYER, Justice.

On 14 May 1981, plaintiff's intestate, Garold E. Ballenger, was working for defendant ITT Grinnell Industrial Piping, Inc., as a maintenance mechanic. His normal duties included making small plumbing repairs. Sometime during the morning, Mr. Ballenger's foreman instructed him to repair a leak in one of the fixtures in the men's rest room. After lunch, Ballenger went into the rest room to undertake the repair. He was next seen by his foreman at about 1:00 p.m. coming out of the rest room. Water was gushing from a pipe in the rest room wall. Several inches of water were on the floor, and Ballenger was soaking wet. He was also very agitated, repeatedly trying to explain to his foreman what had happened. Ballenger went home to change into dry clothes. When he returned, he was calm and appeared normal. However, at about 3:15 p.m., Ballenger began having difficulty breathing. The manager of the maintenance department sent Ballenger home, sending a fellow employee to drive him. At about 4:15 p.m., an ambulance took Ballenger from his home to the hospital. He was complaining of a burning sensation in his chest and difficulty in moving his legs. Mr. Ballenger died at approximately 9:45 p.m.

An autopsy revealed that Ballenger died of a myocardial infarction. The autopsy also revealed a ninety percent narrowing of the right coronary artery and a fifty percent narrowing of the left coronary artery due to coronary artery disease.

Plaintiff's theory of the case before the Deputy Commissioner was that Ballenger overexerted himself trying to repair the fixture; that he improperly loosened the pipe he was working on; that he was then hit in the chest with a stream of cold water; and that this sudden shock constricted his already narrowed arteries, precipitating the heart attack. Plaintiff put on expert testimony from several doctors to support this theory. Defendant also presented expert medical testimony to the effect that the "water incident" did not trigger the heart attack; rather, the heart attack was solely the result of Ballenger's coronary artery disease. In fact, two doctors testified that the heart attack occurred several hours before Ballenger undertook to repair the bathroom fixture. The Deputy Commissioner concluded that the heart attack was not precipitated by the "water incident" and denied compensation.

The full Commission reversed the Deputy Commissioner. It noted that the "water incident" was an accident within the meaning of the Workers' Compensation Act. It went on to consider the conflicting testimony regarding the cause of Ballenger's heart attack. The Commission's opinion contains the following paragraph:

> After considering all of the testimony in the record in the light of the foregoing well-established principles of law and viewing the totality of the expert testimony in the light most favorable to plaintiff, there was "some evidence that the accident at least might have or could have produced the particular . . . [disability] in question."

(Quoting *Buck v. Procter & Gamble Co.*, 52 N.C. App. 88, 96, 278 S.E. 2d 268, 273 (1981), quoting with approval from *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E. 2d 389, 391 (1980).)

On appeal, the Court of Appeals affirmed the opinion of the Commission in part but noted that the Commission's opinion set out an incorrect standard for resolving the conflicting medical testimony. The Commission had apparently relied on the "some evidence" language cited in *Click. Click*, however, concerned the scope of review by an appellate court of a factual finding of the Commission, not the standard for the Commission to apply in resolving conflicts in testimony. Accordingly, the Court of Appeals remanded the case to the Commission "for a determination whether, uninfluenced by the . . . misstatement, the Commission

actually and dispassionately weighed the evidence before it concluded that there was sufficient evidence to support a finding in plaintiff's favor." *Ballenger v. ITT Grinnell*, 83 N.C. App. at 57, 348 S.E. 2d at 815.

Defendant argues before this Court that the Court of Appeals' instructions to the Commission were insufficient to ensure that the award to the plaintiff is based upon the proper legal standard. We agree and hold that the Court of Appeals erred in not remanding to the Commission for new findings of fact and conclusions of law applying the correct legal standard.

When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard. *Conrad v. Cook-Lewis Foundry Co.*, 198 N.C. 723, 153 S.E. 266 (1930). *See also Davis v. Sanford Construction Co.*, 247 N.C. 332, 101 S.E. 2d 40 (1957); *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799 (1935). The standard that the Commission apparently applied in making its award was incorrect. *See Cauble v. The Macke Co.*, 78 N.C. App. 793, 338 S.E. 2d 320 (1986); *Wagoner v. Douglas Battery Mfg. Co.*, 80 N.C. App. 163, 341 S.E. 2d 120 (1986). The instructions to the Commission on remand contained in the Court of Appeals opinion do not require a complete redetermination of the factual issues. Rather, the instructions require only that the Commission report to that court whether the Commission applied the correct standard to the evidence before it when it made its award on 21 March 1985 in spite of its misstatement of the standard for resolving conflicts in the evidence.

Plaintiff argues that the Commission was in fact applying the correct standard and that, if anything, clarification is all that is necessary. *Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 349 S.E. 2d 70 (1986); *Horne v. Marvin L. Goodson Logging Co.*, 83 N.C. App. 96, 349 S.E. 2d 293 (1986). However, the plain language in the Commission's opinion is to the effect that it applied the incorrect "some evidence" standard, rather than the correct preponderance of the evidence standard.

We, of course, express no opinion as to the merits of plaintiff's case. We hold only that the full Commission must make a complete redetermination, based upon the evidence before it, as to whether the plaintiff has shown by a preponderance of the evi-

dence that there was a causal link between the "water incident" and the heart attack for which the plaintiff seeks compensation.

We affirm the decision of the Court of Appeals to remand the case to the full Commission, but modify that portion of the Court of Appeals opinion that requires only clarification by the Commission rather than a complete redetermination based upon the correct legal standard.

Modified and affirmed.