The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rideout with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS 1. The parties are subject to the N.C. Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between the named employee and employer.
3. The carrier liable on the risk is correctly named.
4. The plaintiff's average weekly wage will be determined from an Industrial Commission Form 22 wage chart provided by the defendants with supporting wage information.
5. The parties stipulated the following documents into evidence:
 a. Pre-Trial Agreement;
 b. I.C. Form 19;
 c. Plaintiff's Discovery Responses;
 d. Defendants' Discovery Responses,;
 e. Form 22 and wage records;
 f. Other Employment Records; and
 g. Medical Records.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff was a thirty-seven years old at the time of the hearing before the Deputy Commissioner, and had completed the tenth grade of high school.
2. The plaintiff worked as a housekeeper and was paid per house. She mainly worked weekends and usually worked with her sister-in-law, Debra Spruill.
3. Prior to the alleged work incident, the plaintiff received medical treatment with Dr. Victor Sonnino for a cervical condition. On March 31, 2003, the plaintiff presented to Dr. *Page 3 
Sonnino for complaints of a burning sensation in the back of her neck with numbness in both arms, including all of her fingers. An MRI showed a sizable disc herniation at C5-6, central and bilateral. The plaintiff participated in physical therapy, after which she reported feeling worse. Dr. Sonnino recommended surgery, specifically an anterior cervical discectomy at C5-6; however, Dr. Sonnino did not feel a fusion was necessary. The plaintiff was advised of the risks for surgery, which included lack of improvement and ongoing or increasing pain, numbness or weakness. The plaintiff underwent the surgery. Her symptoms improved following surgery and she was released to progressively return to regular activity.
4. The plaintiff testified that on August 28, 2004, she was carrying linens when her back "popped." She testified that she told Ms. Spruill, who was working with her that day, and felt the pop in the middle of her back. The plaintiff continued to work the rest of the day but limited her lifting. The plaintiff admitted at the hearing before the Deputy Commissioner that she did not immediately report this incident to her employer.
5. According to stipulated exhibit C, the plaintiff never informed the defendant about the incident until a Form 18 was sent by the plaintiff's attorney.
6. According to stipulated exhibit E, the plaintiff worked on a total of seven days in March 2004; sixteen days in April 2004; eleven days in May 2004; ten days in June 2004; and seven days in July 2004. She only worked four days in August 2004 prior to the alleged date of injury. The plaintiff did not work at all from August 9 through August 21, 2004. The plaintiff cleaned three houses on August 22, 2004, four houses on August 29, 2004, three houses on September 5, 2004, one house on September 9, 2004, and one house on September 11, 2004. The plaintiff did not work on August 28, 2004, the alleged date of injury. *Page 4 
7. The plaintiff testified that she did not work at all after her injury on August 28, 2004; instead, other people did the work for her. Debra Spruill testified that the time cards completed and signed by the plaintiff showing that the plaintiff worked for four days after the alleged work injury were false and that the plaintiff did not work on those days.
8. On September 27, 2004, the plaintiff presented to Dr. Sonnino's office and reported a history of back pain dating back three to four months. She also reported that she did not recall what brought on her symptoms and that her symptoms had been getting progressively worse. While the plaintiff did report feeling a pop in her thoracic spine while lifting at work, Dr. Sonnino testified that the plaintiff reported her symptoms actually pre-dated the popping sensation she felt while at work.
9. The plaintiff treated with Dr. Sonnino again on September 27, 2004, and had no complaints specifically relating to her neck, low back or lower extremities. Her neurological exam was normal. Dr. Sonnino testified that he saw nothing to indicate that the plaintiff had a new herniated disk.
10. No evidence was submitted showing that the plaintiff was taken out of work on September 27, 2004. Dr. Sonnino testified that he told the plaintiff she could return to work, and to return or contact him if she did not feel better. The plaintiff did not contact Dr. Sonnino or return for treatment.
11. The plaintiff began treating with Dr. Jonathan Partington on October 21, 2004. The plaintiff reported a three-month history of symptoms of difficulty with balance and tingling in her arms. The plaintiff did not report any alleged lifting incident at work. She further denied low back pain and lower extremity symptoms. Dr. Partington recommended physical therapy. There is no evidence that the plaintiff was taken out of work at that time. *Page 5 
12. The plaintiff returned to Dr. Partington on November 11, 2004, stating she was worse. She reported the onset of neck pain and pain radiating down into her left forearm and hand with some numbness. No inciting event was reported, and the plaintiff did not report any low back or leg pain. The medical records do not indicate that the plaintiff was taken out of work.
13. The plaintiff was ultimately diagnosed with a C6 radiculopathy as a result of disc space collapse at the site of her previous C5-6 discectomy, which is also referred to in the records as C5-6 pseudoarthrosis with foraminal stenosis. Dr. Partington performed a posterior bilateral C6 neuro foraminotomy and C5-6 posterolateral fusion on January 17, 2005. The plaintiff continued to receive post-op treatment with Dr. Partington and she participated in post-op physical therapy from April 27 through June 8, 2005. At no time, did the plaintiff report pain in her lower back or legs.
14. On July 28, 2005, the plaintiff, for the very first time, reported to Dr. Partington that she had low back pain and left leg pain. She stated her symptoms were "progressive" and had occurred off and on in the past. The plaintiff did not relate any inciting event or injury. Dr. Partington diagnosed L5-S1 spondylolisthesis with mild instability.
15. The plaintiff again participated in physical therapy, which did not relieve her symptoms. On October 5, 2005, the plaintiff underwent an L5 laminectomy with left L5-S1 diskectomy and posterior lumbar interbody fusion, performed by Dr. Partington. The plaintiff participated in post-op physical therapy, which continued through the date of the hearing before the Deputy Commissioner.
16. Dr. Partington is a board certified neurosurgeon. At no time during his treatment of the plaintiff did she report the alleged work incident that is the subject of this claim. *Page 6 
17. Dr. Partington testified that the plaintiff's neck problems were a direct result of her cervical spine surgery, performed in 2003 by Dr. Sonnino, and the fact that it did not include a fusion.
18. When asked if there was any way that the plaintiff's alleged work-related accident could have caused her L5-S1 spondylolisthesis and resulting problems, Dr. Partington testified that it was very improbable that the two events were connected. He pointed out that the plaintiff specifically told him on October 21, 2004, that she had no low back pain and no leg pain. Since the plaintiff did not complain of pain in her lower back and legs until approximately one year after her alleged work injury, Dr. Partington stated it was impossible within medical certainty to connect the two events.
19. Dr. Partington testified that he believed the plaintiff's lower back and leg pain was a congenital problem with which the plaintiff was born. He could not connect the plaintiff's spondylolisthesis becoming symptomatic with the alleged work injury. In fact, most people with spondylolisthesis who are symptomatic have no specific history of trauma.
20. To the extent the plaintiff implied during her testimony at the hearing that her pre-existing neck and low back conditions were aggravated by physical therapy, that argument is rejected as it is not supported by the medical evidence of record.
21. The Full Commission finds there to be insufficient evidence to establish that the plaintiff's January 17, 2005 cervical surgery and resulting disability were causally related to a work injury on August 28, 2004.
22. The Full Commission finds there to be insufficient evidence to establish that the plaintiff's October 5, 2005 lumbar surgery and resulting disability were causally related to a work injury on August 28, 2004. *Page 7 
23. The Full Commission finds there to be insufficient evidence to establish that the alleged work incident of August 28, 2004, caused any injury or disability whatsoever.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff has provided insufficient evidence to show that she sustained a compensable injury by accident arising out of and in the course and scope of her employment on or about August 28, 2004. N.C. Gen. Stat. § 97-2 (6).
2. The plaintiff presented insufficient medical evidence to establish the alleged work incident caused her injuries and/or conditions.Young v. Hickory Business Furniture, 353 N.C. 227, 230, 538 S.E.2d 912,915 (2000); Holley v. Acts, Inc., 357 N.C. 228 (2003).
3. The plaintiff has not proven by the greater weight of the evidence that she was disabled due to a compensable work incident; therefore, the plaintiff is not entitled to compensation under the N.C. Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6). Ballenger v. ITT GrinnellIndus. Piping, Inc., 320 N.C. 155, 158-159 (1987). Hilliard v. ApexCabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). Russell v.Lowes Product Distribution, 108 N.C.App. 762, 765, 425 S.E.2d 454, 457
(1993).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD 1. This claim, under the law, must be and hereby is DENIED. *Page 8 
 2. Each side shall pay its own cost.
 3. The defendants shall pay the costs due the Commission.
This 23rd day of July 2007.
 S/_________________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/____________________________ BUCK LATTIMORE CHAIRMAN
 S/____________________________ DIANNE C. SELLERS COMMISSIONER *Page 1