IN THE SUPREME COURT OF NORTH CAROLINA

No. 335A17

Filed 7 December 2018

PATRICIA PINE, Employee

v.

WAL-MART ASSOCIATES, INC. #1552,
                    Employer,

NATIONAL UNION FIRE INSURANCE CO.,
            Carrier

(CLAIMS MANAGEMENT, INC., Third-Party Administrator)


Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 804 S.E.2d 769 (2017), affirming an opinion and award filed on 10 November 2015 by the North Carolina Industrial Commission. On 1 March 2018, the Supreme Court allowed plaintiff's petition for discretionary review of additional issues. Heard in the Supreme Court on 29 August 2018.

*Shelby, Pethel and Hudson, P.A., by David A. Shelby, for plaintiff-appellant/appellee.*

*Hedrick Gardner Kincheloe & Garofalo LLP, by M. Duane Jones, Holly M. Stott, and Linda Stephens, for defendant-appellants/appellees.*

*Sumwalt Law Firm, by Vernon Sumwalt, for North Carolina Advocates for Justice, amicus curiae.*

HUDSON, Justice.

Defendants, Wal-Mart Associates, Inc. (Wal-Mart) and National Union Fire Insurance Company, appealed the opinion and award of the North Carolina Industrial Commission (the Commission), which awarded plaintiff, Patricia Pine, ongoing disability compensation and medical compensation for her right shoulder, left knee, right carpal tunnel syndrome, right sagittal band rupture, right hand dystrophic condition, right carpal boss, and neck injuries. On appeal, a divided panel of the Court of Appeals affirmed, holding that while the Commission erred in ostensibly applying a presumption of compensability for plaintiff's medical conditions, the Commission concluded in the alternative that plaintiff had met her burden of proving causation absent any presumption. *Pine v. Wal-Mart Assocs.*, ___ N.C. App. ___, ___, 804 S.E.2d 769, 779 (2017). Because we cannot determine from this record the extent to which the Commission relied on a presumption of causation or whether it had an independent, alternate basis for its determination of causation, we conclude that we must reverse and remand this case for further findings and proceedings before the Commission.

## Background

Plaintiff was employed by Wal-Mart in the electronics department, where she had worked for almost twenty-two years. On 29 December 2011, plaintiff tripped and fell forward over the bottom of a stairway ladder. When plaintiff attempted to break her fall with her right arm, her right wrist struck the cement floor, followed by her body falling on top of her right shoulder area. Her left knee also hit the floor before

striking her in the chest near her collarbone. Plaintiff experienced pain in her right side up to her shoulder and collarbone. One of plaintiff's coworkers observed the fall and confirmed that plaintiff complained of pain in her left knee, right hand, right wrist, and right shoulder.

At the direction of Wal-Mart, plaintiff went to ProMed later that afternoon, where she was seen by Clifford Callaway, M.D. At that visit, plaintiff complained primarily of pain in her right shoulder area; Dr. Callaway diagnosed her with a shoulder sprain and ordered x-rays. Due to continued pain in her right wrist, right arm, right shoulder, left knee, and neck, plaintiff followed up several times with Dr. Callaway, who diagnosed her with a left knee sprain, right wrist sprain, and cervical strain.

Dr. Callaway referred plaintiff to James Comadoll, M.D., an orthopedic specialist with Pinnacle Orthopedic Associates. Plaintiff visited Dr. Comadoll on 6 February 2012 and complained of pain in her left knee and "decreased range of motion and pain with use of [her] right arm." Dr. Comadoll diagnosed plaintiff with a possible right rotator cuff tear and a left knee contusion, "ordered an MRI of her right shoulder, and released her to return to work with restrictions, including no use of her right arm and no standing or walking over one hour." In a follow-up visit on 21 February 2012, plaintiff "complained more about her neck with soreness and pain on range of motion," and in additional follow-up visits over successive months, plaintiff continued to complain of pain in her neck, right shoulder, and left knee. Due to

concern about possible nerve entrapment, Dr. Comadoll ordered an EMG, which was performed on 31 May 2012. The EMG revealed that plaintiff had "median nerve compression in the wrist, i.e. carpal tunnel syndrome," which Dr. Comadoll testified could be caused by trauma. On 23 July 2012, Dr. Comadoll performed carpal tunnel release surgery on plaintiff's right hand, after which plaintiff continued to experience pain in her right hand. Dr. Comadoll ordered an MRI of plaintiff's left knee, which revealed a possible lateral meniscus anterior horn tear.

For plaintiff's complaints of pain in her neck and upper extremities, Dr. Comadoll referred her to Michael Getter, M.D., a board-certified orthopedic surgeon specializing in spinal surgery. On 17 December 2012, plaintiff saw Dr. Getter, who wrote a note taking her completely out of work and ordered a cervical MRI, which revealed "degenerative disc disease causing stenosis compressing the nerve at C4-5, C5-6, and C6-7." Based on the MRI results, Dr. Getter "recommended surgery to decompress the nerve and to prevent progressive neurological problems and muscle atrophy."

Defendants requested that plaintiff also have her right shoulder and right hand examined by Joseph Estwanik, M.D., whom she saw on 12 February 2013. After examining plaintiff, "Dr. Estwanik diagnosed a partial full thickness tear of the right rotator cuff for which he recommended arthroscopic surgery." Additionally, on 10 September 2014, plaintiff saw Louis Koman, M.D., a board-certified orthopedic surgeon with a certificate of subspecialty in hand surgery. Dr. Koman "diagnosed

Plaintiff with a carpal boss, a traumatic sagittal band rupture at the index of the metacarpophalangeal, and cervical spine pathology that was causing some residual symptoms in the right upper extremity despite the carpal tunnel release."[1]

Plaintiff timely filed a Form 18 Notice of Accident to Employer in which she described the injuries involved as "RUE, LLE, neck and any other injuries causally related." On 4 October 2012, defendants filed a Form 60 with the Commission accepting plaintiff's claim as compensable and describing the body parts involved in the injuries by accident as "Right shoul[d]er/arm." Defendants later filed a Form 61 on 5 August 2013 denying compensability for the "new injury outside of her employment to her cervical spine and further contend[ing] that Employee-Plaintiff's current disability, if any, is unrelated to the original compensable injury." Plaintiff filed a Form 33 on 28 August 2013 requesting that her claim be assigned for hearing.

Deputy Commissioner Kim Ledford heard this matter on 19 March 2014. On 14 November 2014, Deputy Commissioner Ledford entered an opinion and award concluding, *inter alia*, that "by the greater weight of competent medical opinion, . . . Plaintiff sustained injury to her right shoulder, which has been admitted, and to her right wrist, and her left knee, and also aggravated her pre-existing cervical disc disease." Accordingly, Deputy Commissioner Ledford awarded plaintiff disability

---

[1] The Commission found that, "[c]arpal boss is osteoarthritis of the hand at the back, near the wrist" and "[t]he sagittal band is the extensor mechanism that pulls the fingers up over the metacarpophalangeal joint."

compensation and medical compensation, "including any recommended surgery for Plaintiff's right shoulder, right wrist, neck and left knee." Both parties appealed to the Full Commission.

The Full Commission heard the case on 22 April 2015. The Commission issued an opinion and award on 10 November 2015, finding in pertinent part:

> 20. Based upon a preponderance of the evidence, the Full Commission places greater weight on the testimony of Dr. Callaway, Dr. Comadoll, Dr. Getter, and Dr. Koman, than that of Dr. Estwanik, and finds that Plaintiff's pre-existing cervical disc disease was aggravated by her fall at work on December 29, 2011. Additional medical treatment with Dr. Getter, including but not limited to surgery, is reasonable and necessary to effect a cure, give relief, or lessen the period of disability related to this injury.
>
> . . . .
>
> 22. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff's carpal tunnel syndrome and sagittal band rupture were caused by the December 29, 2011 injury by accident. The Full Commission further finds, by a preponderance of the evidence[,] that Plaintiff's carpal boss was materially aggravated by the December 29, 2011 injury by accident. Additional medical treatment, including but not limited to surgery with Dr. Koman, is reasonable and necessary to effect a cure, give relief, or lessen the period of disability related to these injuries.

In its conclusions of law, the Commission determined that defendants' filing of a Form 60 admitting compensability created a rebuttable presumption, commonly referred to as the *Parsons* presumption, *see Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 485

S.E.2d 867 (1997), that plaintiff's other injuries were causally related to her 29 December 2011 accident and that defendants must rebut that presumption with evidence to the contrary.  (First citing *Perez v. Am. Airlines/AMR Corp.*, 174 N.C. App. 128, 620 S.E.2d 288 (2005), *disc. rev. improvidently allowed per curiam*, 360 N.C. 587, 634 S.E.2d 887 (2006); and then citing *Wilkes v. City of Greenville*, 243 N.C. App. 491, 777 S.E.2d 282 (2015), *aff'd in part, aff'd as modified in part, and remanded*, 369 N.C. 730, 799 S.E.2d 838 (2017).)  The Commission concluded that here:

> 3.    Defendants failed to present sufficient evidence to rebut the presumption that Plaintiff's carpal tunnel syndrome, carpal boss, sagittal band rupture, dystrophic right hand symptoms, neck, and left knee problems are causally related to the December 29, 2011 injury by accident.  However, Defendants did rebut the presumption that Plaintiff's Dupuytren's condition is related to the December 29, 2011 injury by accident.

(Citing *Gonzalez v. Tidy Maids, Inc.*, 239 N.C. App. 469, 768 S.E.2d 886 (2015).)  Accordingly, the Commission awarded disability compensation and medical compensation for plaintiff's right shoulder, right carpal tunnel syndrome, right sagittal band rupture, right hand dystrophic condition, right carpal boss, left knee, and neck injuries.  Defendants appealed from the Commission's opinion and award.

At the Court of Appeals, defendants challenged the Commission's conclusions of law, asserting that the Commission erred in applying the *Parsons* presumption to injuries not specifically listed by defendants in the Form 60.  *Pine*, ___ N.C. App. at ___, 804 S.E.2d at 773.  In a divided opinion filed on 5 September 2017, the Court of

Appeals affirmed the Commission's award of benefits. *Id.* at ___, 804 S.E.2d at 779. The majority noted that following this Court's decision in *Wilkes v. City of Greenville*,[2] the legislature amended N.C.G.S. § 97-82(b) to provide that "[a]n award of the Commission arising out of G.S. 97-18(b) or G.S. 97-18(d) shall not create a presumption that medical treatment for an injury or condition not identified in the form prescribed by the Commission pursuant to G.S. 97-18(b) or G.S. 97-18(d) is causally related to the compensable injury." *Id.* at ___, 804 S.E.2d at 775 (emphasis omitted) (quoting Act of June 29, 2017, ch. 124, sec. 1.(a), 2017-4 N.C. Adv. Legis. Serv. 71, 71 (LexisNexis)). According to the majority, "[t]he statutory amendment binds our decision in this case because Section 1.(c) provides that the statute applies to all claims 'accrued or pending prior to, on, or after' the date on which the amendment became law." *Id.* at ___, 804 S.E.2d at 775 (quoting ch. 124, sec. 1.(c), 2017-4 N.C. Adv. Legis. Serv. at 72). Accordingly, the majority held that the Commission erred in applying the *Parsons* presumption to plaintiff's conditions that were not listed by defendants in the Form 60 and opined that "[g]enerally, such an error would require a remand to the Commission for the application of the correct legal standard." *Id.* at ___, 804 S.E.2d at 775.

---

[2] 369 N.C. at 740, 799 S.E.2d at 846 ("Accordingly, we conclude that an admission of compensability approved under N.C.G.S. § 97-82(b) entitles an employee to a presumption that additional medical treatment is causally related to his compensable injury.").

Nonetheless, the Court of Appeals majority determined that "the error does not require reversal because the Commission made adequate findings that Plaintiff met her burden of proving causation without the presumption" and therefore had "an alternative factual basis for its award." *Id.* at ___, ___, 804 S.E.2d at 773, 775. According to the majority:

> [T]he Commission also found that Plaintiff had proved by a preponderance of the evidence—the applicable standard of proof absent the *Parsons* presumption—that her additional injuries were causally related to her workplace accident and are therefore compensable. The Commission's Finding of Fact Number 20, . . . expressly states that "[b]ased upon *a preponderance of the evidence*, the Full Commission . . . *finds* that Plaintiff's pre-existing [condition] *was aggravated* by her fall at work . . . ." (emphasis added). The Commission's Finding of Fact Number 22, . . . expressly states that "[b]ased upon *a preponderance of the evidence*, the Full Commission *finds* that Plaintiff's [medical conditions not admitted by Wal-Mart] *were caused* by . . . [her] accident." (emphasis added).
>
> The Commission's use of affirmative language in these findings of fact indicates it placed the burden of proof on Plaintiff to demonstrate causation of her disputed additional medical conditions. By contrast, had the Commission placed the burden of proof on Defendants for these findings, the Opinion and Award would have stated that "the Full Commission *does not find* that Plaintiff's injuries were *not caused* by her accident."

*Id.* at ___, 804 S.E.2d at 776 (all alterations except first and fourth ellipses in original). Thus, the majority held "that regardless of the Commission's discussion of the *Parsons* presumption in its Conclusions of Law, its Opinion and Award should be affirmed because the Commission found that Plaintiff proved by a preponderance of

the evidence a causal relationship between her compensable injury by accident and the medical conditions for which she now seeks compensation." *Id.* at ___, 804 S.E.2d at 776.

The majority also addressed defendants' challenges to the Commission's Finding of Fact 14, pertaining to Dr. Getter's causation opinion, and Finding of Fact 19, pertaining to Dr. Koman's causation opinion. *Id.* at ___, 804 S.E.2d at 777. Defendants argued that "the[se] expert opinions . . . were unsupported by the record evidence, based on speculation and conjecture, and therefore are not competent evidence." *Id.* at ___, 804 S.E.2d at 777. According to defendants, "without this evidence, Plaintiff failed to prove that her neck, hand, and wrist injuries were causally related to her workplace accident." *Id.* at ___, 804 S.E.2d at 777. The majority disagreed, stating that "a full review of Dr. Koman's testimony demonstrates that his opinion was based on more than merely *post hoc, ergo propter hoc*," *id.* at ___, 804 S.E.2d at 778, "which 'denotes "the fallacy of . . . confusing sequence with consequence," ' " *id.* at ___, 804 S.E.2d at 777 (quoting *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 232, 538 S.E.2d 912, 916 (2000) (alteration in original)). The majority concluded that the causation opinions of Dr. Koman and Dr. Getter were not "so speculative as to render them incompetent" and that "[t]heir testimony along with the others cited by the Commission and the evidence contained in the record support the Commission's conclusion that the additional medical conditions complained of by Plaintiff were causally related to Plaintiff's fall." *Id.* at ___, 804 S.E.2d at 778.

In a separate opinion, one member of the panel concurred with the majority's determination that the Commission erroneously applied the *Parsons* presumption but dissented from the conclusion that the Commission made an alternative determination that plaintiff had met her burden of proving causation independent of any presumption. *Id.* at ___, 804 S.E.2d at 779 (Tyson, J., concurring in part, dissenting in part). According to the dissenting opinion, the Commission's "Conclusions of Law 1 and 3 clearly indicate the Commission solely predicated its Opinion and Award for Plaintiff on the *Parsons* presumption and *Wilkes* being applicable to these facts." *Id.* at ___, 804 S.E.2d at 781-82. The dissenter further opined that while Findings of Fact 20 and 22 "state[ ] the required standard of proof," nowhere did the Commission "state[ ] that Plaintiff had carried her burden of proof." *Id.* at ___, 804 S.E.2d at 782. The dissenting opinion then concluded that "[t]he Opinion and Award is wholly unclear upon which party the Commission placed, or considered as having, the burden of proof to show or rebut causation. As such, the Award must be set aside and remanded." *Id.* at ___, 804 S.E.2d at 783.

The dissenting opinion also disagreed with the majority's determination that Dr. Koman's testimony constituted competent evidence. *Id.* at ___, 804 S.E.2d at 784. The dissenting judge would have concluded that Dr. Koman's testimony is not competent because "he solely relied on the '*post hoc, ergo propter hoc*' fallacy in concluding Plaintiff's carpal boss aggravation and sagittal band rupture were causally related to her fall on 29 December 2011." *Id.* at ___, 804 S.E.2d at 785.

Pursuant to N.C.G.S. § 7A-30(2), defendants appealed to this Court on the basis of the dissenting opinion in the Court of Appeals. Plaintiff filed a petition for discretionary review of additional issues, namely, whether retroactive application of N.C.G.S. § 97-82(b) violates her substantive due process rights protected by the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution. We allowed plaintiff's petition for discretionary review on 1 March 2018.

Analysis

Defendants argue that the Court of Appeals erred by failing to remand this case to the Commission for additional findings and conclusions. We agree that remand is necessary and therefore reverse the Court of Appeals.

We review a decision of the Commission to determine "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *see also* N.C.G.S. § 97-86 (2017). "Under our Workers' Compensation Act, 'the Commission is the fact finding body.' 'The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.'" *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (first quoting *Brewer v. Powers Trucking Co.*, 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962); then quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). But, "[w]hen the Commission acts under a

misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard." *Ballenger v. ITT Grinnell Indus. Piping, Inc.*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987) (citing, *inter alia, Conrad v. Cook-Lewis Foundry Co.*, 198 N.C. 723, 153 S.E. 266 (1930)). We review decisions of the Court of Appeals for errors of law. *Irving v. Charlotte-Mecklenburg Bd. of Educ.*, 368 N.C. 609, 611, 781 S.E.2d 282, 284 (2016) (citing N.C. R. App. P. 16(a)).

After the Commission issued its opinion and award, and after briefs were filed and oral arguments heard at the Court of Appeals, the legislature amended N.C.G.S. § 97-82(b) to provide that "[a]n award of the Commission arising out of G.S. 97-18(b) or G.S. 97-18(d) shall not create a presumption that medical treatment for an injury or condition not identified in the form prescribed by the Commission pursuant to G.S. 97-18(b) or G.S. 97-18(d) is causally related to the compensable injury." Ch. 124, sec. 1.(a), 2017-4 N.C. Adv. Legis. Serv. at 71. Because the legislation stated that "[t]his section is effective when it becomes law and applies to claims accrued or pending prior to, on, or after that date," *id.*, sec. 1.(c), 2017-4 N.C. Adv. Legis. Serv. at 72, the amended section could apply to plaintiff's claim.

Here defendants listed only "Right shoul[d]er/arm" in the Form 60 they filed with the Commission, and they therefore argue that under the amended N.C.G.S. § 97-82(b), plaintiff was not entitled to any presumption that her other injuries or conditions were causally related to her 29 December 2011 injury by accident. Thus,

defendants argue the Commission erred in applying a presumption to those other injuries.

The Commission's Findings of Fact 20 and 22 read in part[3] as follows:

> 20.    Based upon a preponderance of the evidence, the Full Commission places greater weight on the testimony of Dr. Callaway, Dr. Comadoll, Dr. Getter, and Dr. Koman, than that of Dr. Estwanik, and finds that Plaintiff's pre-existing cervical disc disease was aggravated by her fall at work on December 29, 2011. . . .
>
> . . . .
>
> 22.    Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff's carpal tunnel syndrome and sagittal band rupture were caused by the December 29, 2011 injury by accident.    The Full Commission further finds, by a preponderance of the evidence[,] that Plaintiff's carpal boss was materially aggravated by the December 29, 2011 injury by accident.

While these findings can be read to suggest that the Commission independently found, absent any presumption, that plaintiff's further injuries were causally related to her 29 December 2011 injury by accident, this reading is seemingly at odds with the Commission's Conclusions of Law 1 and 3, which state:

> 1.    . . . In order to rebut the presumption, Defendants must present expert testimony or affirmative medical evidence tending to show that the treatment Plaintiff seeks is not directly related to the compensable injury. . . .
>
> . . . .

---

[3] These findings are quoted more fully above.

     3.    Defendants failed to present sufficient evidence to rebut the presumption that Plaintiff's carpal tunnel syndrome, carpal boss, sagittal band rupture, dystrophic right hand symptoms, neck, and left knee problems are causally related to the December 29, 2011 injury by accident. However, Defendants did rebut the presumption that Plaintiff's Dupuytren's condition is related to the December 29, 2011 injury by accident.

(Citations omitted.) We cannot determine from the record if the Commission, as the Court of Appeals majority concluded, made findings of causation independent of the application of any presumption. As the dissenting judge below noted, "The Opinion and Award is wholly unclear upon which party the Commission placed, or considered as having, the burden of proof to show or rebut causation. As such, the Award must be set aside and remanded." *Pine*, ___ N.C. App. at ___, 804 S.E.2d at 783. Because of this apparent confusion within the opinion, we reverse the Court of Appeals and remand this case to that court for further remand to the Commission to make additional findings clarifying the basis for its award and for additional proceedings as necessary.[4]

We dismiss as improvidently allowed plaintiff's petition for discretionary review, while expressing no opinion on the constitutionality of the application of N.C.G.S. § 97-82(b) to plaintiff's case. *See Powe v. Odell*, 312 N.C. 410, 416, 322

---

[4] Given that we are remanding this case to the Commission for further proceedings, we decline to address defendants' second contention that the Court of Appeals erred by failing to reverse the Commission's findings concerning the causation of plaintiff's sagittal band rupture, carpal boss, and dystrophic hand symptoms.

S.E.2d 762, 765 (1984) ("It is a well settled rule of this Court that we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." (citing, *inter alia*, *State v. Woods*, 307 N.C. 213, 297 S.E.2d 574 (1982)); *see also Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (per curiam) ("[T]he courts of this State will avoid constitutional questions, even if properly presented, where a case may be resolved on other grounds." (first citing *State v. Crabtree*, 286 N.C. 541, 543, 212 S.E.2d 103, 105 (1975); then citing *Rice v. Rigsby*, 259 N.C. 506, 512, 131 S.E.2d 469, 473 (1963))). This dismissal is without prejudice to plaintiff's ability to raise this issue in the future.[5]

REVERSED AND REMANDED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.

---

[5] Because the amendment to N.C.G.S. § 97-82(b) occurred after the Court of Appeals heard arguments in this case on 9 August 2016, plaintiff's first opportunity to raise this issue was in her petition for discretionary review before this Court.