IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-203

Filed: 5 September 2017

North Carolina Industrial Commission, I.C. No. X86249

PATRICIA PINE, Employee, Plaintiff,

v.

WAL-MART ASSOCIATES, INC. #1552, Employer, and NATIONAL UNION FIRE
INSURANCE CO., Carrier (CLAIMS MANAGEMENT, INC. Third-Party
Administrator), Defendants.

Appeal by Defendants from an Opinion and Award entered 10 November 2015

by the Full North Carolina Industrial Commission. Heard in the Court of Appeals 9

August 2016.

*Doran Shelby Pethel and Hudson, P.A., by David A. Shelby, for Plaintiff-
Appellee.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by Holly M. Stott and M. Duane
Jones, for Defendant-Appellants.*

INMAN, Judge.

This appeal involves a commonly relied upon presumption in North Carolina

workers' compensation law, which shifts from an employee to an employer the burden

of proof for causation of an injury. At issue is whether the North Carolina Industrial

Commission erred by applying this presumption, known as the *Parsons* presumption,

to a medical condition not listed on an employer's admission of compensability form.

Wal-Mart Associates, Inc., employer, and National Union Fire Insurance Co., carrier, (collectively "Defendants") appeal from an Opinion and Award of the Full North Carolina Industrial Commission (the "Commission") awarding Patricia Pine, employee, ("Plaintiff") compensation for medical treatment for injuries to her neck, wrist, shoulder, hand, and left knee and ongoing disability payments.

Following an amendment to the North Carolina Workers Compensation Act by the North Carolina General Assembly, we hold that it was error for the Commission to apply the *Parsons* presumption in this case. However, the error does not require reversal because the Commission also found that Plaintiff had proved by a preponderance of the evidence that her additional medical conditions were causally related to her workplace injury, thereby satisfying her burden of proof absent the presumption. Accordingly, we affirm the Commission's Opinion and Award.

## Factual and Procedural History

On 29 December 2011, while at work, Plaintiff tripped and fell face-forward over the bottom of a stairway ladder. As she fell, she extended her right arm to break the fall; her wrist hit the floor first, followed by her right shoulder area, her left knee, and her chest near her collarbone. One of Plaintiff's co-workers witnessed the fall and confirmed that Plaintiff complained of left knee and right hand, wrist, and shoulder pain.

Plaintiff, at the direction of her employer, went to Dr. Clifford Callaway, who diagnosed her with a shoulder sprain. Plaintiff followed up with Dr. Callaway several times throughout January 2012. Dr. Callaway updated his diagnosis to include a left knee sprain, a cervical strain, and a wrist sprain, and referred Plaintiff to Dr. James Comadoll, an orthopedic specialist.

Dr. Comadoll ordered an MRI of Plaintiff's right shoulder and diagnosed Plaintiff with a possible right rotator cuff tear and a left knee contusion. Plaintiff followed up with Dr. Comadoll within one month complaining of neck soreness and issues with range of motion. Dr. Comadoll ordered an EMG[1] to look for signs of nerve entrapment. The EMG showed Plaintiff suffered from carpal tunnel syndrome in her right wrist, so Dr. Comadoll performed a carpal tunnel release surgery. Because Plaintiff still complained of left knee pain, Dr. Comadoll ordered an MRI of Plaintiff's left knee, which showed a possible lateral meniscus anterior horn tear.

Dr. Comadoll referred Plaintiff to Dr. Michael Getter, a board-certified orthopedic surgeon who specializes in spinal surgery, for further evaluation of her continued complaints of numbness and pain in her upper extremities. Dr. Getter ordered a cervical MRI for Plaintiff, which showed degenerative disc disease causing stenosis compressing the nerve at C4-5, C5-6, and C6-7. Dr. Getter recommended

---

[1] An EMG, also known as an electromyogram, is "[a] graphic representation of the electric currents associated with muscular action." Stedman's Medical Dictionary 283110 (28th ed. 2014).

surgery to decompress the nerve and to prevent progressive neurological problems and muscle atrophy.

At the request of Defendants, Plaintiff underwent additional medical examinations. Dr. Joseph Estwanik diagnosed Plaintiff with a partial full thickness tear of her right rotator cuff for which he recommended arthroscopic surgery. Dr. Louis Koman, a board-certified orthopedic surgeon with a certificate of subspecialty in hand surgery, diagnosed Plaintiff with a carpal boss, a traumatic sagittal band rupture, and cervical spine pathology that was causing some residual symptoms in her right upper extremity despite the carpal tunnel release.

Meanwhile, Plaintiff filed a Form 18, *Notice of Accident to Employer*, related to her fall at work, citing injuries to her "RUE, LLE, neck and any other injuries causally related." In response, Wal-Mart filed a Form 60*, Employer's Admission of Employee's Right to Compensation*, admitting compensability for Plaintiff's claim with regard to the injuries suffered to her right shoulder and arm. Wal-Mart subsequently filed a Form 61, *Denial of Workers' Compensation Claim*, denying compensability for Plaintiff's cervical spine condition as "a new injury outside of her employment" and "unrelated to the original compensable injury."

Following a hearing before the Industrial Commission, deputy commissioner Kim Ledford issued an Opinion and Award concluding, as shown by the greater weight of competent medical opinion, that as a consequence of her workplace accident

Plaintiff not only suffered the shoulder injury admitted by Wal-Mart, but also sustained injuries to her right wrist and left knee and aggravated her pre-existing cervical disc condition. Both parties appealed to the Full Commission.

Following additional proceedings, the Commission found, *inter alia*:

> 20. Based upon a preponderance of the evidence, the Full Commission places greater weight on the testimony of Dr. Callaway, Dr. Comadoll, Dr. Getter, and Dr. Koman, than that of Dr. Estwanik, and finds that Plaintiff's pre-existing cervical disc disease was aggravated by her fall at work on December 29, 2011. Additional medical treatment with Dr. Getter, including but not limited to surgery, is reasonable and necessary to effect a cure, give relief, or lessen the period of disability related to this injury.
>
> . . .
>
> 22. Based upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff's carpal tunnel syndrome and sagittal band rupture were caused by the December 29, 2011 injury by accident. The Full Commission further finds, by a preponderance of the evidence that Plaintiff's carpal boss was materially aggravated by the December 29, 2011 injury by accident. Additional medical treatment, including but not limited to surgery with Dr. Koman, is reasonable and necessary to effect a cure, give relief, or lessen the period of disability related to these injuries.

The Commission concluded that because Wal-Mart accepted as compensable Plaintiff's right shoulder injuries, a rebuttable presumption arose that Plaintiff's other medical conditions were causally related to the compensable injury. It then concluded:

3. Defendants failed to present sufficient evidence to rebut the presumption that Plaintiff's carpal tunnel syndrome, carpal boss, sagittal band rupture, dystrophic right hand symptoms, neck, and left knee problems are causally related to the December 29, 2011 injury by accident. *See Gonzalez v. Tidy Maids, Inc.*, 2015 N.C. App. LEXIS 138, 768 S.E.2d 886 (2015). . . .

The Commission awarded Plaintiff "all reasonable and necessary medical expenses which tend to effect a cure, give relief or lessen the period of Plaintiff's disability, incurred or to be incurred by Plaintiff for treatment of her right shoulder, left knee, right carpal tunnel syndrome, right sagittal band rupture, right hand dystrophic condition, right carpal boss, and neck injuries."

Defendants timely appealed.

**Analysis**

Defendants argue that the Commission acted under a misapprehension of the law when it relied on this Court's decision in *Wilkes v. City of Greenville*, __ N.C. App. __, __, 777 S.E.2d 282, 286 (2015) (citations omitted), *aff'd in part, aff'd as modified in part, and remanded by* __ N.C. __, 799 S.E.2d 838 (2017), and applied the presumption established by this Court in *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 485 S.E.2d 867 (1997), shifting to Defendants the burden of proving that Plaintiff's other injuries were not causally related to her right shoulder injury suffered in her fall at work. Defendants further assert that Plaintiff failed to meet her burden of

proof without the *Parsons* presumption to establish a causal relationship between the injuries. We disagree.

### A. Standard of Review

Appellate review of an opinion and award of the North Carolina Industrial Commission is "limited to determining: (1) whether the findings of fact are supported by competent evidence, and (2) whether those findings support the Commission's conclusions of law." *Reed v. Carolina Holdings*, __ N.C. App. __, __, 796 S.E.2d 102, 108-09 (2017) (citing *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006)). Findings of fact supported by competent evidence are binding on appeal, *Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009), and unchallenged findings of fact are presumed to be supported by competent evidence, *Morgan v. Morgan Motor Co. of Albemarle*, 231 N.C. App. 377, 380, 752 S.E.2d 677, 680 (2013). However, the Commission's conclusions of law are reviewed *de novo*. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004). And "[w]hen the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard." *Ballenger v. ITT Grinnell Indus. Piping, Inc.*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987) (citation omitted).

### B. Parsons Presumption

Defendants specifically challenge the Commission's Conclusions of Law Numbers 1 and 3 related to Plaintiff's neck, wrist, and hand injuries, asserting that the Commission misapplied the *Parsons* presumption to those medical conditions not previously admitted by Wal-Mart in its Form 60. This argument is supported by a recent statutory amendment, even though the amendment was enacted while this appeal has been pending. However, the error does not require reversal because the Commission made adequate findings that Plaintiff met her burden of proving causation without the presumption.

The North Carolina Workers' Compensation Act requires employers to provide medical compensation for the treatment of compensable injuries, including "additional medical compensation . . . directly related to the compensable injury" that is designed to effectuate a cure, provide relief, or lessen the period of disability. *Perez v. American Airlines/AMR Corp.*, 174 N.C. App. 128, 135, 620 S.E.2d 288, 292 (2005) (internal quotation marks and citation omitted); N.C. Gen. Stat. § 97-25 (2015). "It is well established that an employee seeking compensation for an injury bears the burden of demonstrating that the injury suffered is causally related to the work-related accident." *Wilkes*, __ N.C. App. at __, 777 S.E.2d at 286.

Our Court has long held that once an employee obtained a compensation award for a workplace injury, if that employee seeks additional compensation for treatment of later developing medical conditions claimed to be causally related to the

compensable injury, the Commission should presume "that the additional medical treatment is directly related." *Perez*, 174 N.C. App. at 135, 620 S.E.2d at 292; *Parsons*, 126 N.C. App. at 542, 485 S.E.2d at 869. "The employer may rebut the presumption with evidence that the medical treatment is not directly related to the compensable injury." *Perez*, 174 N.C. App. at 135, 620 S.E.2d at 292. This presumption allows an employee to obtain additional compensation for medical conditions related to a compensable injury without having to re-litigate the issue of causation. *Parsons*, 126 N.C. App. at 542, 485 S.E.2d at 869 ("To require [a] plaintiff to re-prove causation each time she seeks treatment for the very injury that the Commission has previously determined to be the result of a compensable accident is unjust and violates our duty to interpret the [Workers' Compensation] Act in favor of injured employees.").

In *Parsons*, the plaintiff was working as a store clerk when two men entered the store and assaulted her, striking her in the forehead and shooting her four times with a stun gun. *Id.* at 540, 485 S.E.2d at 868. The Industrial Commission awarded the plaintiff compensation for her injuries, which were primarily frequent headaches. *Id.* at 540-41, 485 S.E.2d at 868-69. Eight months after the award, the plaintiff sought compensation for additional treatment of her headaches, but the Commission denied her claim because she " 'ha[d] not introduced any evidence of causation between her injury and her headache complaints at the time of the hearing' and . . .

'failed to meet her burden of proof for showing the necessity of continued or additional medical treatment.' " *Id.* at 541, 485 S.E.2d at 869. Our Court reversed the Commission's opinion and award, holding that "[i]n effect, requiring that [the] plaintiff once again prove a causal relationship between the accident and her headaches in order to get further medical treatment ignores th[e] prior award." *Id.* at 542, 485 at 869.

In *Perez*, this Court extended the *Parsons* presumption to instances in which the Commission had not directly ruled on compensability of an injury because the employer had admitted it by filing of a Form 60 and had paid compensation to the employee. *Perez*, 174 N.C. App. at 136, 620 S.E.2d at 293 ("As the payment of compensation pursuant to a Form 60 amounts to a determination of compensability, we conclude that the *Parsons* presumption applies in this context."). The *Perez* Court noted that "[t]he presumption of compensability applies to future *symptoms* allegedly related to the original compensable injury." *Id.* at 136-37 n. 1, 620 S.E.2d at 293 n. 1 (emphasis added) (rejecting the defendant's argument that the plaintiff suffered a different injury from the injury stated on the Form 60).

In *Clark v. Sanger Clinic*, 175 N.C. App. 76, 623 S.E.2d 293 (2005), this Court declined to extend the *Parsons* presumption to an injury that had not previously been deemed compensable by the Commission. The Court rejected the plaintiff's argument that the *Parsons* presumption applied to the plaintiff's compensation claim for

degenerative arthritis after the plaintiff had obtained an award for a knee injury caused by an accident at work. *Id.* at 79, 623 S.E.2d at 296. The *Clark* decision emphasized in its holding the reasoning in *Parsons* that the presumption's purpose was to alleviate a plaintiff from having to re-prove causation for the "very injury" the Commission determined compensable. *Id.* at 76, 623 S.E.2d at 296 (quoting *Parsons*, 126 N.C. App. at 542, 485 S.E.2d at 869).

In *Wilkes*, this Court again extended the *Parsons* presumption, holding that "the *Parsons* presumption applies even where the injury or symptoms for which additional medical treatment is being sought is not the precise injury originally deemed compensable." *Wilkes*, __ N.C. App. at __, 777 S.E.2d at 287 (citing *Carr v. Dep't of Health & Human Servs. (Caswell Ctr.)*, 218 N.C. App. 151, 156, 720 S.E.2d 869, 874 (2012)). The plaintiff in *Wilkes* suffered numerous physical injuries in a work related car accident, which his employer accepted as compensable. *Id.* at __, 777 S.E.2d at 284. After the employer began providing medical compensation for the plaintiff's physical injuries, the parties disagreed about the extent of the plaintiff's other injuries. *Id.* at __, 777 S.E.2d at 284. The plaintiff was seeking compensation for, *inter alia*, depression and anxiety, injuries which were not listed on his employer's Form 60. *Id.* at __, 777 S.E.2d at 285. Our Court held that the Commission erred by failing to apply the *Parsons* presumption "to his request for additional medical

treatment and compensation for his complaints of anxiety and depression." *Id.* at __, 777 S.E.2d at 285.

After this Court heard Defendants' appeal in this case, our Supreme Court affirmed the holding in *Wilkes*[2] which applied the *Parsons* presumption to medical conditions not included on an employer's admission of compensability form, but alleged to be related to the compensable injury. *Wilkes* at __, 799 S.E.2d at 846 ("Accordingly, we conclude that an admission of compensability approved under [N.C. Gen. Stat.] § 97-82(b) entitles an employee to a presumption that additional medical treatment is causally related to his compensable injury.").

The General Assembly, however, promptly abrogated the Supreme Court's decision in *Wilkes* by amending N.C. Gen. Stat. § 97-82. 2017 N.C. Sess. Laws 2017-124. Section 1.(a) rewrites N.C. Gen. Stat. § 97-82(b) as follows:

> (b) If approved by the Commission, a memorandum of agreement shall for all purposes be enforceable by the court's decree as hereinafter specified. Payment pursuant to G.S. 97-18(b), or payment pursuant to G.S. 97-18(d) when compensability and liability are not contested prior to expiration of the period for payment without prejudice, shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury *as reflected on a form prescribed by the Commission pursuant to G.S. 97-18(b) or G.S. 97-18(d)* for which payment was made. *An award of the Commission arising out of G.S. 97-18(b) or G.S. 97-18(d) shall not create a presumption that medical treatment for an injury or condition not identified in the form prescribed by the*

---

[2] The Supreme Court modified other aspects of this Court's decision in *Wilkes* unrelated to this appeal. *Wilkes*, __ N.C. at __, 799 S.E.2d at 848-51.

> *Commission pursuant to G.S. 97-18(b) or G.S. 97-18(d) is causally related to the compensable injury. An employee may request a hearing pursuant to G.S. 97-84 to prove that an injury or condition is causally related to the compensable injury.* Compensation paid in these circumstances shall constitute payment of compensation pursuant to an award under this Article.

2017 N.C. Sess. Laws 2017-124, § 1.(a) (emphasis added). N.C. Gen. Stat. § 97-18(b) provides that an employer admits compensability by filing a Form 60 with the Industrial Commission, and N.C. Gen. Stat. § 97-18(d) provides that an employer can pay for an employee's medical treatment without admitting compensability by filing a Form 63.

Section 1.(b) of the Session Law amending N.C. Gen. Stat. § 97-82 provides that the intent of the General Assembly in amending the Workers' Compensation Act was "to clarify, in response to Wilkes v. City of Greenville, that an injury not identified in an award arising out of [N.C. Gen. Stat. §] 97-18(b) or [N.C. Gen. Stat. §] 97-18(d) is not presumed to be causally related to the compensable injury . . . ." 2017 N.C. Sess. Laws 2017-124, § 1.(b). The statutory amendment binds our decision in this case because Section 1.(c) provides that the statute applies to all claims "accrued or pending prior to, on, or after" the date on which the amendment became law. 2017 N.C. Sess. Laws 2017-124, § 1.(c).

The medical conditions Plaintiff seeks compensation for were not admitted by Wal-Mart because they were not listed on its admission of compensability form.

Plaintiff's reliance on this Court's decision in *Wilkes* fails in light of the General Assembly actions. We therefore hold that the Commission's application of the *Parsons* presumption in this case was error. Generally, such an error would require a remand to the Commission for the application of the correct legal standard. However, as explained below, we instead affirm the Commission's Opinion and Award because it includes factual findings applying the correct legal standard to support its award. In other words, the Commission found an alternative factual basis for its award, which we affirm.

This Court's decision in *Wilkes* relied on *Carr* to apply the *Parsons* presumption to the plaintiff's claims for mental health conditions not listed on his employer's admission of compensability form. *Wilkes*, __ N.C. App. at __, 777 S.E.2d at 287. However, a closer reading of *Carr*, in light of the case before us, reveals that *Carr* differs from *Wilkes* in a manner dispositive to this case. In *Carr*, unlike in *Wilkes*, the Industrial Commission found separately that the plaintiff met her burden of proof for causation absent the *Parsons* presumption. *Carr*, 218 N.C. App. at 156, 720 S.E.2d at 874.

In *Carr*, the plaintiff was diagnosed with injuries to her left hand and her neck following a workplace accident. *Id.* at 152, 720 S.E.2d at 871-72. The defendant admitted the compensability of her left hand injuries, but denied the compensability of her neck injury. *Id.* at 153, 720 S.E.2d at 872. Before the Commission, the plaintiff

presented testimony by a neurosurgeon who opined that her neck injury was causally related to the accident. *Id.* at 153-54, 720 S.E.2d at 872. In its Opinion and Award, the Commission discussed the *Parsons* presumption but also found that the plaintiff had met her burden of proof to establish that she had suffered the neck injury as a result of the same accident. *Id.* at 156, 720 S.E.2d at 874. This Court, affirming the Commission's award of medical compensation, held that "[a]though the Commission recited the *Parsons* presumption, it did not rely on it in finding the [plaintiff's] neck injury compensable." *Id.* at 156, 720 S.E.2d at 874. Nothing in the recent amendment to N.C. Gen. Stat. § 97-82 suggests that the General Assembly sought to alter our Court's holding in *Carr*.

This case is indistinguishable from *Carr*. Wal-Mart filed a Form 60 accepting compensability for Plaintiff's injuries to her "right shoulder/arm," but has denied compensability for her other medical conditions, specifically, aggravation of a pre-existing cervical disc disease, carpal tunnel syndrome, a sagittal band rupture, aggravation of carpal boss, left knee problems, and dystrophic right hand symptoms.

The Commission erred in apply the *Parsons* presumption in its Conclusions of Law. But the Commission also found that Plaintiff had proved by a preponderance of the evidence—the applicable standard of proof absent the *Parsons* presumption—that her additional injuries were causally related to her workplace accident and are therefore compensable. The Commission's Finding of Fact Number 20, quoted in full

above, expressly states that "[b]ased upon *a preponderance of the evidence*, the Full Commission . . . *finds* that Plaintiff's pre-existing [condition] *was aggravated* by her fall at work . . . ." (emphasis added). The Commission's Finding of Fact Number 22, quoted in full above, expressly states that "[b]ased upon *a preponderance of the evidence*, the Full Commission *finds* that Plaintiff's [medical conditions not admitted by Wal-Mart] *were caused* by . . . [her] accident." (emphasis added).

The Commission's use of affirmative language in these findings of fact indicates it placed the burden of proof on Plaintiff to demonstrate causation of her disputed additional medical conditions. By contrast, had the Commission placed the burden of proof on Defendants for these findings, the Opinion and Award would have stated that "the Full Commission *does not find* that Plaintiff's injuries were *not caused* by her accident."

The Commission's separate findings of fact determining causation are supported by competent evidence, as discussed *infra*, or unchallenged and thus presumed to be supported by competent evidence.[3] Accordingly, we hold that regardless of the Commission's discussion of the *Parsons* presumption in its Conclusions of Law, its Opinion and Award should be affirmed because the Commission found that Plaintiff proved by a preponderance of the evidence a causal

---

[3] In addition to the challenged Findings of Fact Numbers 14 and 19, which are supported by competent evidence, the Commission's other unchallenged Findings of Fact Numbers 6, 7, 16, 20, and 22 support our affirmation of its Opinion and Award.

relationship between her compensable injury by accident and the medical conditions for which she now seeks compensation.[4]

*C. Causation*

Defendants do not challenge the Commission's Findings of Fact Numbers 20 and 22, quoted *supra*, in which the Commission found that Plaintiff proved causation of her additional medical conditions "[b]ased upon a preponderance of the evidence . . . ." Rather, Defendants challenge the Commission's Findings of Fact Numbers 14, addressing Dr. Getter's causation opinion, and 19, addressing Dr. Koman's causation opinion. Defendants argue that the expert opinions relied upon by the Commission were unsupported by the record evidence, based on speculation and conjecture, and therefore are not competent evidence; Defendants assert that without this evidence, Plaintiff failed to prove that her neck, hand, and wrist injuries were causally related to her workplace accident. We disagree.

To be compensable under the Workers' Compensation Act, an injury must result from an accident "arising out of and in the course of the employment[.]" N.C.

---

[4] Our dissenting colleague, citing the North Carolina Rules of Appellate Procedure Rule 10, asserts that we may not "invent a non-explicit alternative basis to re-weigh or view the evidence in a manner to affirm the Award of the Commission, particularly where Plaintiff-Appellee has not cross-assigned as error the Commission's omission of an 'alternative basis in law' to support its Opinion and Award." Rule 10 states that "an appellee *may* list proposed issues on appeal . . . that deprived the appellee an alternative basis in law . . . ." N.C. R. App. P. 10(c) (2017) (emphasis added). Rule 10, however, further notes that "[a]n appellee's list of proposed issues on appeal shall not preclude an appellee from presenting arguments on other issues in its brief." *Id.* Here, Plaintiff has presented in her brief to this Court the argument that "[t]he Full Commission made Findings of Fact based on the evidence presented and determined Plaintiff proved that her current conditions were causally related to the December 29, 2011 compensable injury."

Gen. Stat. § 97-2(6) (2015). When the primary injury has been shown to arise out of and in the course of employment, "every natural consequence that flows from the injury likewise arises out of the employment . . . ." *English v. J.P. Stevens & Co.*, 98 N.C. App. 466, 470, 391 S.E.2d 499, 501 (1990) (citations omitted). "Although the employment-related accident need not be the sole causative force to render an injury compensable, the plaintiff must prove that the accident was a causal factor by a preponderance of the evidence[.]" *Holley v. ACTS, Inc.*, 357 N.C. 228, 231-32, 581 S.E.2d 750, 752 (2003) (internal quotation marks and citations omitted).

"There must be competent evidence to support the inference that the accident in question resulted in the injury complained of, *i.e.*, some evidence that the accident at least might have or could have produced the particular disability in question." *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). "[W]here the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Id.* at 167, 265 S.E.2d at 391 (citations omitted). This Court has further noted that "[w]hen expert opinion is based 'merely upon speculation and conjecture,' it cannot quality as competent evidence of medical causation." *Carr*, 218 N.C. App. at 154-55, 720 S.E.2d at 873 (quoting *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000)). "Stating an accident 'could or might' have caused an

injury, or 'possibly' caused it is not generally enough alone to prove medical causation; however, supplementing that opinion with statements that something 'more than likely' caused an injury or that the witness is satisfied to a 'reasonable degree of medical certainty' has been considered sufficient." *Carr*, 218 N.C. App. at 155, 720 S.E.2d at 873 (citations omitted).

In certain instances, expert medical testimony has been found to fall short of competent evidence where it is based on speculation and conjecture. *Young*, 353 N.C. at 230, 538 S.E.2d at 915 ("[W]hen such expert opinion testimony is based merely upon speculation and conjecture, it can be of no more value than that of a layman's opinion."); *Dean v. Coach Co.*, 287 N.C. 515, 522, 215 S.E.2d 89, 94 (1975) (holding that "an expert is not competent to testify as to a causal relation which rests upon mere speculation or possibility." (citation omitted)). The Court in *Young* held that expert medical testimony based solely on the maxim "*post hoc, ergo propter hoc*"— which "denotes the fallacy of . . . confusing sequence with consequence"—does not rise to the necessary level of competent evidence. 353 N.C. at 232, 538 S.E.2d at 916 (alteration in original) (internal quotation marks and citations omitted). A careful review of that expert's testimony revealed that there were at least three alternative potential causes to the plaintiff's condition and that the doctor had performed no tests to rule them out. *Id.* at 231, 538 S.E.2d at 915. The expert's opinion of causation was entirely based upon the "*post hoc, ergo propter hoc*" fallacy, which he affirmed was

"the only piece of information that relate[d] the [condition to the injury by accident]." *Id.* at 232, 538 S.E.2d at 916 (internal quotation marks omitted).

Here, Plaintiff presented various medical records and expert testimony from several of her treating physicians. Among those testifying was Dr. Louis Koman who stated that "[i]t was [his] opinion, within a reasonable degree of medical certainty" that Plaintiff's cervical arthritis and carpal boss were pre-existing conditions exacerbated by her 29 December 2011 fall. Dr. Koman also testified that Plaintiff's sagittal band rupture was "more likely than not" caused by the same fall. Dr. Michael Dennis Getter testified that Plaintiff's fall materially aggravated her condition and that the fall was most likely the cause of her current symptoms. Dr. James Comadoll testified that Plaintiff's fall exacerbated and materially aggravated her degenerative cervical condition.

Defendants challenge the Commission's findings as to Dr. Koman's opinion on the basis that his opinions were based on conjecture and speculation and not supported by the evidence in the record. Our review of Dr. Koman's deposition reveals key distinctions from the opinion testimony at issue in *Young*. Here, unlike in *Young*, there were no other potential causes of Plaintiff's injuries, and while Dr. Koman did rely on the maxim "*post hoc, ergo propter hoc*," his reliance was relevant and necessary. Dr. Koman testified that based on Plaintiff's medical history and a lack of any other potential cause, the fall was more likely than not the cause of

Plaintiff's additional medical conditions. Dr. Koman testified that in reaching his opinion he "took a history, [he] reviewed the medical records[,] . . . did a physical exam, . . . x-rays, . . . [and] diagnostic testing[,]" and "fit that all into [his] experience, the literature, the probabilities of what happened, [and] when and whether it was all consistent[.]" Because a full review of Dr. Koman's testimony demonstrates that his opinion was based on more than merely *post hoc, ergo propter hoc*, and went beyond a "could" or "might" testimony, we hold the Commission properly determined it to be competent evidence.

Defendants also challenge the causation opinion testimony by Dr. Getter, asserting that it relied on the assumption that Plaintiff's head was thrown about during the fall and that the evidence in the record does not support this fact. Dr. Getter testified that Plaintiff's symptoms were consistent with "some accident of some kind where your head is thrown back and forth on your neck like a flexion extension injury in a car, *falling down*, . . . falling down then having your head fall forward." (emphasis added). The Commission found, and Defendants do not challenge, that "she tripped and fell face-forward over the bottom of a stairway ladder." We hold that the record supports Dr. Getter's testimony and his reliance on the type of injuries that resulted in Plaintiff's symptoms. Accordingly, Dr. Getter's testimony was based on more than mere speculation and conjecture and was properly considered as competent evidence.

We do not agree with Defendants' contention that the opinions of Dr. Koman and Dr. Getter were so speculative as to render them incompetent. Their testimony along with the others cited by the Commission and the evidence contained in the record support the Commission's conclusion that the additional medical conditions complained of by Plaintiff were causally related to Plaintiff's fall.

It is not within the scope of our review to determine the weight given to testimony, as " 'the sole judge of the credibility of witnesses' and the weight given to their testimony" is the Commission. *Pittman v. Thomas & Howard*, 122 N.C. App. 124, 129, 468 S.E.2d 283, 286 (1996) (quoting *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993)). The Commission explicitly "place[d] greater weight on the testimony of Dr. Callaway, Dr. Comadoll, Dr. Getter, and Dr. Koman, than that of Dr. Estwanik," in its determination of causation of the present injuries. We hold that the Commission's findings were supported by competent evidence, and that those findings support the Commission's conclusions of law.

## Conclusion

While the Commission discussed the *Parsons* presumption in its Opinion and Award, the presumption was unnecessary for the Commission's determination of causation. The record demonstrates competent evidence to support the Commission's factual findings that Plaintiff proved causation by a preponderance of the evidence,

which support the Commission's conclusions of law that Plaintiff's medical conditions are causally related to her workplace injury and are therefore compensable. Accordingly, we hold in error that part of the Commission's Opinion and Award discussing the *Parsons* presumption and affirm the Commission's Opinion and Award.

AFFIRMED.

Judge BRYANT concurs.

Judge TYSON concurs in part, dissents in part, with separate opinion.

No. COA16-203– *Pine v. Wal-Mart Assocs., Inc.*

TYSON, Judge, concurring in part, dissenting in part.

I fully concur with those portions of the majority's opinion, which hold it was reversible error for the Industrial Commission to apply the *Parsons* presumption in this case, based upon the General Assembly's recent amendment to the North Carolina Workers' Compensation Act, 2017 N.C. Sess. Laws 2017-124, § 1. The amendment was enacted after the Commission's Opinion and Award, but is expressly applicable because this appeal was pending after enactment. *See* 2017 N.C. Sess. Laws 2017-124, § 1.(c).

I respectfully dissent from the majority's determination that the Commission inherently found and concluded Plaintiff had met her burden to prove the medical conditions, for which she is seeking additional compensation, are causally related to her original and accepted compensable injury, without regard to the *Parsons* presumption. This conclusion is unsupported by the Commission's Findings of Fact or Conclusions of Law. The Industrial Commission's Opinion and Award, awarding Plaintiff additional compensation for injuries and conditions not listed or accepted by Defendants on the Form 60, is properly set aside and remanded. I respectfully dissent.

I. Standard of Review

This Court reviews an opinion and award of the Commission to determine "whether there is any competent evidence in the record to support the Commission's

findings and whether those findings support the Commission's conclusions of law." *Oliver v. Lane Co.*, 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001).

"[T]he Commission is the fact finding body. . . . [and] is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (internal citations and quotation marks omitted). "Where there is competent evidence to support the Commission's findings, they are binding on appeal even in light of evidence to support contrary findings." *Starr v. Gaston Cty. Bd. of Educ.*, 191 N.C. App. 301, 304-05, 663 S.E.2d 322, 325 (2008).

The Commission's conclusions of law are reviewed *de novo. McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004). We all agree there is error in the Commission's Opinion and Award. "When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard." *Ballenger v. ITT Grinnell Indus. Piping, Inc.*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987) (citation omitted).

## II. *Parsons* presumption

As the majority's opinion notes, after this Court heard Defendants' appeal and the Supreme Court of North Carolina had issued its opinion in *Wilkes* on 9 June 2017, the General Assembly, less than three weeks later on 29 June 2017, amended and enacted N.C. Gen. Stat. § 97-82, to read:

(b) If approved by the Commission, a memorandum of agreement shall for all purposes be enforceable by the court's decree as hereinafter specified. Payment pursuant to G.S. 97-18(b), or payment pursuant to G.S. 97-18(d) when compensability and liability are not contested prior to expiration of the period for payment without prejudice, shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury as reflected on a form prescribed by the Commission pursuant to G.S. 97-18(b) or G.S. 97-18(d) shall not create a presumption that medical treatment for an injury or condition not identified in the form prescribed by the Commission pursuant to G.S. 97-18(b) or G.S. 97-18(d) is causally related to the compensable injury. An employee may request a hearing pursuant to G.S. 97-84 to prove that an injury or condition is causally related to the compensable injury. Compensation paid in these circumstances shall constitute payment of compensation pursuant to an award under this Article.

2017 N.C. Sess. Laws 2017-124, § 1.(a).

The General Assembly clearly stated its intent in 2017 N.C. Sess. Laws 2017-124 was "to clarify, in response to Wilkes v. City of Greenville, that an injury not identified in an award arising out of [N.C. Gen. Stat. §] 97-18(b) or [N.C. Gen. Stat. §] 97-18(d) is not presumed to be causally related to the compensable injury . . . ." 2017 N.C. Sess. Laws 2017-124, § 1.(b).

N.C. Gen. Stat. § 97-18(b) provides that an employer accepts as compensable the injuries listed on a Form 60 filed with the Industrial Commission. The General Assembly specified the amended N.C. Gen. Stat. § 97-82 applies to all claims "accrued or pending prior to, on, or after" the date on which the amendment became law. 2017

N.C. Sess. Laws 2017-124, § 1.(c). The amended statute applies to the Opinion and Award before us. *See id.*

The *Wilkes* decision, expressly referred to as the reason for the amendment in 2017 N.C. Sess. Laws 2017-124, and expressly relied upon by Plaintiff and the Commission, held that "the *Parsons* presumption applies even where the injury or symptoms for which additional medical treatment is being sought is not the precise injury originally deemed compensable." *Wilkes v. City of Greenville*, __ N.C. App. __, __, 777 S.E.2d 282, 287 (2015), *aff'd as modified*, __ N.C. __, 799 S.E.2d 838 (2017).

The rebuttable presumption in *Parsons* provides where a Plaintiff's injury has been proven to be compensable, it is presumed that additional medical treatment is directly related to the compensable injury, unless rebutted by the employer. *Perez v. Am. Airlines/AMR Corp.,* 174 N.C. App. 128, 135-36, 620 S.E.2d 288, 292 (2005); *see Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 542, 485 S.E.2d 867, 869 (1997).

All of the original injuries Plaintiff listed were accepted by Defendants as compensable injuries. As such, Plaintiff was not required to meet her burden to prove these injuries arose in the course and scope of her employment, or that the original injuries by accident were causally related to her employment. *See Perez*, 174 N.C. App. at 136, 620 S.E.2d at 293 (determining *Parsons* presumption applied where employer admitted compensability for employee's injuries on Form 60); *Sims v. Charmes/Arby's Roast Beef,* 142 N.C. App. 154, 159, 542 S.E.2d 277, 281 (employer

filing Form 60 pursuant to N.C. Gen. Stat. § 97-18(b) "will be deemed to have admitted liability and compensability"), *disc. review denied*, 353 N.C. 729, 550 S.E.2d 782 (2001).

I agree with the majority's conclusion that 2017 N.C. Sess. Laws 2017-124, which amended N.C. Gen. Stat. § 97-82, expressly abrogates and supplants this Court's and our Supreme Court's holdings in *Wilkes* that "an admission of compensability approved under [N.C. Gen. Stat.] § 97-82(b) entitles an employee to a presumption that additional medical treatment is causally related to his compensable injury." *Wilkes* at __, 799 S.E.2d at 846.

As the medical conditions for which Plaintiff is seeking compensation were not listed or accepted by Defendants in their Form 60, the majority's opinion correctly concludes the General Assembly's amendment of N.C. Gen. Stat. § 97-82 shows the Commission erred in applying the *Parsons* presumption to relieve Plaintiff of her burden of proof of causation. I also concur with the majority opinion's conclusion, correctly stating: "Generally, such an error would require a remand to the Commission for the application of the correct legal standard." *See Ballenger*, 320 N.C. at 158, 357 S.E.2d at 685.

"When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct

legal standard." *Id.* at 158, 357 S.E.2d at 685 (citation omitted). This appeal is properly set aside and remanded to the Commission. *See id.*

### III. Burden of Proof

In spite of this clear precedent and directive to set aside and remand, I must respectfully dissent from the majority's affirmation of the Commission's Opinion and Award "on alternative grounds." The Commission did not make factual findings and conclusions based thereon, independently of, and without consideration of the *Parsons* presumption, as extended by *Wilkes*. The Commission never imposed nor applied the correct legal standard upon Plaintiff, who bears the burden to prove causation. No "alternative basis" has been proven by Plaintiff nor stated by the Commission for this Court to properly affirm the Opinion and Award.

"Plaintiff must prove causation by a greater weight of the evidence or a preponderance of the evidence." *Adams v. Metals USA*, 168 N.C. App. 469, 475, 608 S.E.2d 357, 361 (citation and internal quotation marks omitted), *aff'd*, 360 N.C. 54, 619 S.E.2d 495 (2005).

The majority's opinion asserts the Commission's error in applying the *Parsons* and *Wilkes* standard "does not require reversal because the Commission made adequate findings that P*laintiff met her burden of proving causation* without the presumption." (emphasis supplied). The majority's implicit and erroneous determination that the Commission clearly placed the burden of proof on Plaintiff to

6

prove causation is not supported by the Commission's findings of fact, to which we are bound. Such a conclusion is also directly contradicted by the Commission's unambiguous conclusions of law, which expressly cited and relied upon *Parsons* and *Wilkes*.

In its Opinion and Award, the Commission made, *inter alia*, the following Conclusions of Law:

> 1. On December 29, 2011, Plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6). Defendants accepted liability for this injury on a Form 60, *Employer's Admission of Employee's Right to Compensation*, dated October 4, 2012, on which they indicated, for body part(s) involved, "Right shoulder/arm." In *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 485 S.E.2d 867 (1997) the Court held that where a Plaintiff's injury has been proven to be compensable, there is a presumption that the additional medical treatment is directly related to the compensable injury. *The Parsons presumption is a rebuttable presumption and Defendants have the burden of producing evidence showing the treatment is not directly related to the compensable injury. In order to rebut the presumption, Defendants must present expert testimony or affirmative medical evidence tending to show that the treatment Plaintiff seeks is not directly related to the compensable injury.* Perez v. Am. Airlines/AMR Corp., 174 N.C. App. 128, 136-37, 620 S.E.2d 288, 293 (2005). *The Form 60 thus creates a rebuttable presumption that Plaintiff's other complaints are causally related to the December 29, 2011 injury by accident. See Wilkes v. City of Greenville*, 2015 N.C. App. LEXIS 826 (N.C. Ct. App. Oct. 6, 2015) (holding that the Parsons presumption applies even where the injury or symptoms for which additional medical treatment is being sought is not the precise injury originally deemed

compensable).

. . . .

> 3. *Defendants failed to present sufficient evidence to rebut the presumption* that Plaintiff's carpal tunnel syndrome, carpal boss, sagittal band rupture, dystrophic right hand symptoms, neck, and left knee problems are causally related to the December 29, 2011 injury by accident. *See Gonzalez v. Tidy Maids, Inc.*, 2015 N.C. App. LEXIS 138, 768 S.E.2d 886 (2015). However, *Defendants did rebut the presumption that Plaintiff's Dupuytren's condition is related to the December 29, 2011 injury by accident. Id.*

(emphasis supplied). Conclusions of Law 1 and 3 clearly indicate the Commission solely predicated its Opinion and Award for Plaintiff on the *Parsons* presumption and *Wilkes* being applicable to these facts, and unlawfully shifted the burden to rebut the presumption onto Defendants. We all agree the *Parsons* presumption, as extended by *Wilkes,* cannot apply here. The General Assembly's recent amendment to N.C. Gen. Stat. § 97-82 wholly abrogated *Wilkes v. City of Greenville,* __ N.C. __, 799 S.E.2d 838.

Because the Commission incorrectly relied upon *Wilkes* to apply the *Parsons* presumption to Defendants, and Defendants accepted liability for Plaintiff's original injury as compensable on their Form 60, Plaintiff has *never* been required to carry her burden to prove causation for *any* of her injuries, putatively arising from her 29 December 2011 workplace accident.

The majority opinion states, "The Commission also found that Plaintiff had

proven by a preponderance of the evidence—the applicable standard of proof absent the *Parsons* presumption—that her additional injuries were causally related to her workplace accident and are therefore compensable." This notion misstates Plaintiff's burden of proof for the applicable standard of proof. The standard of proof is the "preponderance of the evidence," regardless of the applicability of the *Parsons* presumption. *See Adams*, 168 N.C. App. at 475, 608 S.E.2d at 361 (stating that causation must be proven by a preponderance of the evidence).

The *Parsons* presumption, rather than *changing* the standard of proof, instead *shifts* the burden to the employer to rebut the presumption that subsequent injuries and treatments are causally related to the original accepted injury for which compensation has been previously awarded. *See Parsons*, 126 N.C. App. at 542, 485 S.E.2d at 869 ("defendants now have the responsibility to prove the original finding of compensable injury is unrelated to [employee's] present discomfort").

Nowhere in the record or in the Opinion and Award did the Commission conclude Plaintiff has met her burden of proof to show causation. As *Parsons* and *Wilkes* cannot apply to shift the burden to Defendants to rebut the presumption of causation, the Commission's conclusions clearly misapprehend the law as amended on Plaintiff's burden to prove causation. The Commission's misapprehension is clearly evident from the plain language of its Opinion and Award, which only refers to Defendants, *not Plaintiff*, as bearing the burden to rebut causation, and

9

Defendants "failure" to present sufficient evidence to rebut the *Parsons* presumption on all of Plaintiff's injuries except for Plaintiff's Dupuytren's condition.

The majority's opinion mischaracterizes the Commission's Findings of Fact number 20 and 22 as showing the Commission placed and adjudicated the burden of proof on Plaintiff to establish causation of her additional medical conditions. Finding of Fact number 20, as quoted by the majority opinion, states "[b]ased upon a preponderance of the evidence, the Full Commission . . . finds that Plaintiff's pre-existing [condition] was aggravated by her fall at work." Finding of Fact number 22 states "[b]ased upon a preponderance of the evidence, the Full Commission finds that Plaintiff's [medical conditions not admitted by Wal-Mart] caused by . . . [her] accident." This language states the required standard of proof, but never states that Plaintiff had carried her burden of proof.

The majority's opinion construes the Commission's use of standard language in these two Findings of Fact as indicating the Commission alternatively placed the burden of proof on Plaintiff to show causation, despite its express reliance on *Parsons* and *Wilkes* to conclude and award for Plaintiff. The majority states "had the Commission placed the burden of proof on Defendants for these findings, the Opinion and Award would have stated that 'the Full Commission *does not find* that Plaintiff's injuries were *not caused* by her accident." I disagree.

10

The Commission's Findings of Fact do not indicate which party bore the burden of proof to show or rebut causation, especially in light of the unequivocal language of Conclusions of Law 1 and 3 expressly indicating the Commission allocated to Defendants the burden to rebut causation. Presuming, *arguendo*, that the Findings of Fact quoted by the majority tend to suggest the Commission alternatively placed the burden to prove causation upon Plaintiff, the language of the Commission's Conclusions of Law strongly indicate the Commission placed the burden to rebut causation upon Defendants. The Opinion and Award is wholly unclear upon which party the Commission placed, or considered as having, the burden of proof to show or rebut causation. As such, the Award must be set aside and remanded.

Interpreting the Commission's Findings of Facts even as the majority asserts, merely shows that it is unclear upon which party the Commission allocated the burden of proof of causation. Our precedents require us to set aside and remand to the Commission for a new hearing on causation with the burden of proof clearly placed on Plaintiff. *See Ballenger*, 320 N.C. at 158, 357 S.E.2d at 685; *see In re C.B.,* 187 N.C. App. 803, 807, 654 S.E.2d 21, 24 (2007) (remanding case to trial court where burden of proof stated in trial court's order was ambiguous).

The majority's opinion *Carr v. Dep't of Health & Human Servs.* 218 N.C. App. 151, 720 S.E.2d 869 (2012), and asserts the Commission separately found Plaintiff had met her burden of proof for causation, absent the *Parsons* presumption and

11

*Wilkes*. The majority's opinion proclaims *Carr* is "indistinguishable" from the case at bar. I disagree.

In *Carr*, the defendant argued the *Parsons* presumption did not apply when the plaintiff's injury was a wholly different injury from the one accepted by the defendant on the Rule 60 admission of compensability form. *Id.* at 156, 720 S.E.2d at 874. The Industrial Commission recited the *Parsons* presumption in its Opinion and Award. This Court in *Carr* determined that, regardless of whether the *Parsons* presumption applied, the Industrial Commission *did not rely* on *Parsons* in finding the plaintiff's new injuries causally related to the prior injuries the employer admitted were compensable. *Id.*

*Carr* is distinguishable from the case at bar for several reasons. First, the Court in *Carr* did not state the *Parsons* presumption was the *only* rule recited by the Commission, as here, in the Opinion and Award regarding the burden of proof, only that the Commission did recite it. *See id.* ("Although the Commission recited the *Parsons* presumption, it *did not rely on it* in finding the neck injury compensable." (emphasis supplied)).

Second, *Carr* is also clearly distinguishable by the fact N.C. Gen. Stat. § 97-82 had not been amended while the appeal was pending in that case. Here, the Commission was relying on the former version of N.C. Gen. Stat. § 97-82, and clearly and expressly upon *Wilkes'* interpretation that the statute at that time did not

prohibit the *Parsons* presumption from applying when an employer admits compensability for different injuries on Form 60. *See* N.C. Gen. Stat. § 97-82(b)(2015), *amended by* 2017 N.C. Sess. Laws 2017-124.

The Commission's conclusions in the Opinion and Award are necessarily and expressly predicated on the former version of N.C. Gen. Stat. § 97-82(b) as interpreted by *Wilkes*. The Opinion and Award's conclusions are wholly dependent upon the *Parsons* presumption, as extended by *Wilkes,* to apply after Wal-Mart admitted compensability for Plaintiff's previous injury on its Form 60 admission of compensability, but not liability for any of the injuries asserted here.

This salient fact, viewed in conjunction with the Opinion and Award only applying the *Parsons* presumption with regard to the burden of proof of causation, and stating Defendants bore the burden to rebut causation, contradicts the majority's assertion that the Commission, wholly independently of *Parsons*, alternatively placed and kept the burden of proof upon Plaintiff to prove causation.

We all agree the Opinion and Award clearly and unambiguously shows the Commission misapprehended the law by placing the burden to rebut causation upon Defendants. The required outcome here is to set aside the Award and remand. *See Ballenger*, 320 N.C. at 158, 357 S.E.2d at 685 ("When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard.").

The Commission did not explicitly set forth any "alternative basis" to support its conclusions, and the Commission's conclusions explicitly invokes the *Parsons* presumption and *Wilkes* several times. None of the Commission's findings of fact state the Plaintiff has met her burden of proof on causation.

We cannot read into the Opinion and Award an alternative basis to prove Plaintiff met her burden of proof to show causation, when the Commission clearly and expressly placed the burden to rebut causation upon Defendants. *See Vaughan v. Carolina Indus. Insulation*, 183 N.C. App. 25, 34-5, 643 S.E.2d 613, 619 (2007) (affirming Commission's decision on an alternative basis explicitly stated in the Commission's conclusions of law when the primary basis was made on an error of law).

This Court cannot invent a non-explicit alternative basis to re-weigh or view the evidence in a manner to affirm the Award of the Commission, particularly where Plaintiff-Appellee has not cross-assigned as error the Commission's omission of an "alternative basis in law" to support its Opinion and Award. *See* N.C. R. App. P. 10(c) (appellee may cross-assign error to omission of trial court when omission raises "an alternative basis in law" for supporting the order of the trial court).

Plaintiff has not done so here, but attempts to assert an "alternative basis" after *Parsons* was unlawfully used to shift the burden to rebut upon Defendants. The Commission made no explicit findings or conclusions to support the majority's

affirmance on any other grounds, other than unlawfully under *Parsons* and *Wilkes*. This error requires the Opinion and Award to be set aside and remanded to the Commission. *See Ballenger*, 320 N.C. at 158, 357 S.E.2d at 685 ("When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard").

IV. Dr. Koman's Testimony is Insufficient to Establish Causation of Plaintiff's Hand and Wrist Conditions

The majority's opinion views Dr. Koman's testimony regarding Plaintiff's hand and wrist conditions as competent evidence. I respectfully disagree. Even erroneously applying *Parsons* and *Wilkes*, the Commission's Conclusion of Law 3 states*: "*Defendants did rebut the presumption that Plaintiff's Dupuytren's condition is related to the December 29, 2011 injury by accident."

As the majority notes: for an injury to be compensable under the Workers' Compensation Act, the injury must result from an accident "arising out of and in the course of the employment[.]" N.C. Gen. Stat. §97-2(6) (2015). "There must be competent evidence to support the inference that the accident in question resulted in the injury complained of, *i.e.*, some evidence that the accident at least might have or could have produced the particular disability in question." *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). "[W]here the exact nature and probable genesis of a particular type of injury involves complicated medical questions

15

far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Id.* (citations omitted). This Court has further noted that "[w]hen expert opinion is based 'merely upon speculation and conjecture,' it cannot qualify as competent evidence of medical causation." *Carr*, 218 N.C. App. at 154-55, 720 S.E.2d at 873 (quoting *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000)). "Stating an accident 'could or might' have caused an injury, or 'possibly' caused it is not generally enough alone to prove medical causation; however, supplementing that opinion with statements that something 'more than likely' caused an injury or that the witness is satisfied to a 'reasonable degree of medical certainty' has been considered sufficient." *Id.* at 155, 720 S.E.2d at 873 (citations omitted).

Our Supreme Court held in *Young* that expert medical testimony based on the maxim "*post hoc, ergo propter hoc*" which means, "after this, therefore because of this" is "not competent medical evidence of causation." *Young*, 353 N.C. at 232, 538 S.E.2d at 916.

Dr. Koman's opinion relied upon the "*post hoc, ergo propter hoc*" fallacy in making his conclusions. Dr. Koman testified as follows:

> Q. Okay. So just to kind of clarify your opinion, are you saying that, since she did not have symptoms before the fall, and she has symptoms after the fall, therefore her - - whatever is causing her symptoms was caused by the fall?
>
> A. That's medicine. It may or may not be law, but that's

16

medicine.

Q. So does that mean yes, that's - -

A. That means yes.

. . . .

Q. And so you found that the exacerbation of the [carpal boss] was caused by the fall. So my question is going to be the same as it was for the [sagittal] band. Is it your opinion that, because she didn't have - - well, I guess, how do you get that the fall caused the carpal tunnel boss?

A. It's the absence of history that refutes that, and that's all.

Q. What do you mean by absence of history?

A. That there was no other event that I know of.

Q. So back to that she didn't have any issues before the accident, she had issues after, therefore it was caused by the accident?

A. Correct.

Q. Okay.

A. So you have to have evidence that something else happened that you can give me, and then I can actually answer whether it's, more likely than not, caused by that. In the absence of that, [*post hoc, ergo proctor hoc*] is the reason.

Dr. Koman's testimony clearly shows he solely relied on the "*post hoc, ergo propter hoc*" fallacy in concluding Plaintiff's carpal boss aggravation and sagittal band rupture were causally related to her fall on 29 December 2011. Dr. Koman's

17

testimony is not competent evidence for Plaintiff to prove her carpal boss aggravation and sagittal band rupture were causally related to her accepted Form 60 injury. *Young,* 353 N.C. at 232-33, 538 S.E.2d at 916.

## V. Conclusion

We all agree the *Parsons* presumption, as extended by *Wilkes*, cannot place or shift the burden upon Defendants to rebut that Plaintiff's new injuries were causally related to the compensable injury listed and admitted by Defendants on the Form 60. N.C. Gen. Stat. § 97-82(b)(2015), *amended by* 2017 N.C. Sess. Laws 2017-124.

To the extent the majority's opinion purports to affirm the Commission's Opinion and Award, independently of the *Parsons* presumption and *Wilkes*, Plaintiff was never required, and the Commission did not require, find, nor conclude Plaintiff had met her burden, to prove the medical conditions, are causally related to her original and admitted compensable injury. The majority's decision to affirm, despite the clear and acknowledged errors, is based upon a wholly unsupported alternative basis, not stated in the Opinion and Award. *See Ballenger*, 320 N.C. at 158, 357 S.E.2d at 685.

Dr. Koman's testimony is premised on the incompetent "*post hoc, ergo proctor hoc*" fallacy, and does not prove causation. *Young,* 353 N.C. at 232-33, 538 S.E.2d at 916. Testimony tending to show "an accident 'could or might' have caused an injury, or 'possibly' caused it'" is not evidentiary support. *Carr*, 218 N.C. App. at 155, 720

S.E.2d at 873.

Plaintiff bears the burden to prove causation. *See Adams*, 168 N.C. App. at 475, 608 S.E.2d at 361. The Opinion and Award is properly set aside and remanded to the Commission for Plaintiff to prove her new or additional injuries are causally related to her listed and accepted injuries on Form 60 by a preponderance of the evidence. Defendants do not bear any burden to rebut or show the absence of causation. 2017 N.C. Sess. Laws 2017-124, § 1. I respectfully dissent.